## ROSS WILLIAMS v. THE STATE OF MISSISSIPPI.

RAPE ON CHILD—ATTEMPT TO COMMIT.—Carnal intercourse, or an attempt thereat, with a child of ten years old, is rape or an attempt to commit rape, according to the facts, notwithstanding the child consented, children of such tender years being deemed incapable of giving consent.

ERROR to the circuit court of Grenada county. NILES, J.

Plaintiff in error was indicted and convicted of rape upon Gus. O'Bannon, a child ten years old. At the trial, Caroline O'Bannon, mother of the child upon whom the crime was alleged to have been committed,

testified for the prosecution, that upon discovering he lowter limbs of her daughter covered with blood, asked what she had been doing? She replied: "Nothing." Witness then whipped her severely. After being whipped, the child told witness of the facts pertaining to the crime committed upon her by accused, and that he had given her a nickel, and told her to wash the blood from her clothes, which she had attempted to do. Witness had been told by some children that accused had "had Gus. down." On the trial the child denied that Ross Williams had been guilty of any impropriety with her. Medical testimony was introduced, showing that there had been an attempt at rape, and the communication of a venereal disease thereby, and also that a week or two previous to the commission of the act, Ross Williams had been treated for the same disease.

Other testimony was introduced which corroborated these facts. To that part of Caroline O'Bannon's testimony which related to the declarations of the child, Gus. O'Bannon, after being whipped, defendant objected; the objection was overruled, the testimony allowed to go to the jury, and exception taken.

The following instructions, given for the state, and to the giving of which defendant excepted:

1. If the jury believe from the evidence that the defendant, in this county, on any day before the 19th day of September, A. D. 1871, made an assault on Gus. O'Bannon with the intent to unlawfully and carnally know her, and failed, and was prevented from doing fully what he intended to do, then they will find him guilty of an attempt to rape the said Gus. O'Bannon; provided they are satisfied from the evidence that Gus. O'Bannon was a female child and under the age of ten years at the time.

2. If the jury believe from the evidence that Gus. O'Bannon was under ten years old, and find the defend-

ant guilty of an attempt to rape Gus. O'Bannon, they will return a verdict thus: "·We, the jury, find the defendant guilty of an attempt to commit the offense charged in the first count of the indictment."

3. Though the jury may believe from the evidence that Gus. O'Bannon only told her mother of what the defendant had done to her, after she was whipped by her mother, yet this can only affect the truth of what she told; and if the jury believe she told the truth then, and this, together with the evidence in the case, now satisfies their minds that the defendant is guilty of an attempt to unlawfully and carnally know Gus. O'Bannon, they will find him guilty as directed in the second charge for the state.

The defendant asked the following instruction: "If the jury should be satisfied that the defendant did attempt to have carnal knowledge of Gus. O'Bannon, and have a doubt as to her age, whether over or under ten years, they should acquit, if they also believe that she gave her consent for the defendant to try to have connection with her." Which was given with this modification: "But the jury should convict, if they believe from the evidence that she was under ten years of age at the time, whether she consented or not, provided he attempted to have such connection."

The jury returned a verdict of "Guilty of an attempt to commit the offense charged in the first count of indictment." A new trial being applied for and refused, defendant tendered his bill of exceptions, and brings the case to this court, assigning the following errors in the judgment and proceedings of the court below:

1. The court below erred in granting certain instructions asked for by the state, and in refusing those asked for by the defendant.

2. The record does not clearly show the presence of the prisoner in court when the verdict was rendered, and when the motion for a new trial was made.

3. The court erred in permitting the testimony of Caroline O'Bannon to go to the jury as to what Gus. O'Bannon told her, and in not excluding such testimony on motion of defendant.

4. The evidence was insufficient to support the verdict, and the court erred, therefore, in refusing to grant a new trial.

*D. E. Thomas*, for plaintiff in error,

Cited Roscoe's Cr. Ev. 865; Meredith's Case, Car. & Payne, 589; Martin's Case, 2 Moody, Cr. Cas. 179; 2 Lead. Cr. Cas. 449; 8 S. & M. 722; 3 ib. 518; 1 Overt. 436; 11 Ohio, 472; 20 ib. 31; 6 Harris, 103; 18 Johns. 218; 3 Maule & Sel. 9; 11 East, 307; 6 Eng. L. and Eq. 352; 4 Barn. & Cress. 329; 3 Greenl. Ev. 213.

*J. S. Morris*, attorney-general,

Cited 2 Bish. Cr. Law (5 ed.), § 1136, and cases cited.

TARBELL, J..

The plaintiff in error was indicted, tried, convicted, and duly sentenced for a violation of section 2672, Code of 1871, upon the person of a child under ten years of age. The only question in the case is, whether the consent of the child exonerates the accused. An instruction asked on the trial, to the effect that if the jury believed the consent of the infant was given they should acquit, was refused. Upon this and one or two unimportant questions as to the exclusion from the jury on motion, of testimony already given, being the declarations of the child soon after the assault, a writ of errer was prosecuted. Several errors are assigned, but they are all untenable. The case presents some shocking, as well as disgusting, features. The verdict is amply sustained by the evidence. There is no doubt of the guilt of the accused. Fortunately for justice, consent of an infant under ten years of age affords no excuse to a

man so depraved as to attempt to gratify his passion upon one of such tender years. Code of 1871, § 2672; Mobley v. the State, 46 Miss. 501; Bish. Cr. Pr., title, Rape; 2 Bish. Cr. Law (5th ed.), §§ 1133, 1136.

*Judgment affirmed.*