JONES *v.* STATE

No. 40140 May 28, 1956 87 So. 2d 573

*W. W. Pierce,* Jackson, for appellant.

*J. R. Griffin, Asst. Atty. Gen.*, Jackson, for appellee.

G<small>ILLESPIE</small>, J.

Upon conflicting testimony, the jury found appellant guilty of murder. The punishment was life imprisonment.

Appellant had some difficulty with the deceased some five years before the homicide. On Friday night before his death on Sunday night, Yates, the deceased, visited the Aragon, a night club operated by appellant and Louise Edwards, and to the rear of which appellant and Louise Edwards lived. On this visit, Louise flirted with Yates, which information was conveyed to appellant on Saturday. Yates again visited the Aragon on Sunday afternoon and again that night. On the latter visit to the Aragon, Yates ordered a beer and later sat down at a table across from appellant. Louise Edwards and Dorothy Williamson were also sitting at the table. Yates told appellant that he understood appellant had been looking for him. When appellant asked who told him, Yates said that he was asked not to tell and that when he made a promise, he kept his word. Appellant then moved his chair backward, pulled a pistol, and shot under the table. Yates arose and ran from the Aragon. The next morning, Yates' body was found across the highway from the Aragon. He had been shot just above the belt line a little to his lift side. The bullet ranged downward and lodged in his right hip.

Appellant and his witnesses gave a different version of the killing, but the jury was fully justified in rejecting that version.

■■ ■ Appellant complains of the admission in evidence of three photographs. One ground of objection was that the person who made the picture was not introduced and it was not shown that the photographs were made with a standard camera in good condition. It was shown in each instance that the photograph accurately depicted the object or scene purported to be portrayed. It is not necessary to have present the photographer to introduce a photograph, nor to show the kind or condition of the camera. ■■■ The inquiry in this respect is whether the photograph accurately represents the place or subject it purports to represent, and this may be

shown by any competent witness whose view of the actual scene at the ·pertinent time enables him to testify that the picture accurately represents the scene.

■■ But appellant contends that the admission of the photographs was calculated to prejudice the jury and was not pertinent or relevant to the inquiry whether deceased produced the gun and tried to shoot appellant or whether appellant produced the gun and shot the deceased when the latter was unarmed and not attempting to harm appellant. One photograph shows the deceased lying in the grass across the highway from the Aragon, and also shows where the deceased lay with reference to the highway and the Aragon. One is a close view showing a small plot of ground and the body of deceased. The third photograph shows the body of deceased on a table with his clothing removed to show the wound made by the bullet. The first two photographs show the building wherein the shooting took place and its relation to the highway and the place where the body was found. The third showed the place where the bullet entered the body. These facts were pertinent to the inquiry, and were admissible. We find no error in their admission. Cf. Wheeler v. State, 219 Miss. 129; 63 So. 2d 517; Price v. State, 54 So. 2d 667; Seals v. State, 208 Miss. 236; 44 So. 2d 61; Hancock v. State, 209 Miss. 523, 47 So. 2d 838; Willette v. State, 80 So. 2d 836.

■■ Appellant assigns as error the admission in evidence of a pistol. Appellant admits he had possession of the gun when the shooting was over, his contention being that he took the gun away from the deceased, and in so doing, the gun fired after appellant had turned the gun in the hands of the deceased. Appellant said he laid it on the counter; that he did not have a gun in the place prior to the arrival of Yates. Witnesses testified that the gun was taken to a rear building at the instance of one Tingle. It was shown the gun was subsequently given Tingle and appellant told him to take it and keep it.

Tingle took the gun to a neighbor. Later Tingle went to the neighbor and told him to get the gun, and the neighbor did so and gave it to a policeman who was with Tingle. Tingle said the gun introduced was the gun brought by appellant to the counter after the shooting. It was later shown that the exact gun bearing the same serial number was sold to Louise Edwards a few months earlier, and that the written record of the sale showed Louise Edwards, personally known to the seller, used the name of Mrs. C. B. Jones. The serial number on the gun introduced was the same as the serial number on the sales slip made at the time of the sale to Louise Edwards. Under the circumstances, the gun was admissible. ▅▅ ▆ Nor was it error for the policeman to testify that the gun contained five cartridges and one empty shell. The proof shows one shot was fired at the time Yates was killed.

▅▅ ▆ The day after the killing, the police took appellant and witness Dorothy Williamson to the scene of the shooting. Dorothy Williamson, the principal witness for the state, in the presence of appellant and several police officers, reconstructed the events immediately before and at the time of the killing, and told what was said and done immediately before, at the time, and immediately after the shooting of Yates. One of the policemen was permitted to relate this to the jury and quoted the words used by Dorothy Williamson when she reconstructed the events and told what had happened the night before when the killing took place. The policeman then testified that upon the conclusion of witness Williamson's demonstration and statements, the appellant was asked if that was correct and if he had anything to say, and that appellant tucked his head and said, "I just don't remember." The admission of the policeman's testimony is assigned as error.

The circumstances were such that the failure of the appellant to deny the accusations made the testimony

admissible as an implied confession. ■ Where accusatory statements are made against a party within his presence and hearing, and which are understood by the accused, and the circumstances are such that it is proper and natural for the accused to deny the accusations, and he has a fair opportunity to reply, a total or partial failure to reply or an evasive answer is admissible in evidence as an admission of the truth of the accusatory statements. This is an exception to the hearsay rule. Thurmond v. State, 212 Miss. 37, 53 So. 2d 44; Page v. State, 208 Miss. 347, 44 So. 2d 459.

 ■ Other contentions are made, but none of sufficient importance to justify discussion. A review of the entire record reveals ample basis for the jury's verdict. Appellant was ably represented. We find no reversible error.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.