INZER, Justice:
Appellant, Joe Duck, was indicted, tried and convicted in the Circuit Court of Ok-tibbeha County for the crime of manslaughter by culpable negligence. He was sentenced to serve a term of fifteen years in the State Penitentiary, and from this conviction and sentence, he appeals. We affirm.
The evidence on behalf of the state established that about 7 p. m. on February 28, 1970, appellant, who had been drinking, was proceeding west on U. S. Highway 82 in a Pontiac automobile. Mr. Royce Mc-Minn was proceeding east driving his automobile on the highway meeting appellant. This highway is a two-lane highway with one lane for eastbound traffic and one lane for westbound traffic. Just before the two cars met, appellant, while going up a hill at a high rate of speed, pulled out from behind a transport truck into McMinn’s lane of traffic, and the two cars collided practically head-on. McMinn had his lights on and there was nothing to keep appellant from seeing his car approaching when he pulled out from behind the truck. There were no skid marks indicating that appellant made any effort to stop. McMinn suffered multiple severe injuries from which he died shortly thereafter.
Appellant’s assignments of error are as follows:
I. That the Court below erred in permitting the State to prove an essential element of its case by hearsay testimony;
II. That the Court below erred in admitting inflamatory statements by the physician concerning describing the decedent’s injuries;
*691 III. That the Court helow went against the overwhelming weight of the evidence in returning a verdict of guilty against the defendant; and
IV. That the Court below erred in giving the State Jury Instruction Number 2, which commented upon the evidence and denied the defendant his right to have the jury decide question of fact in the trial.
The record reflects that the deputy sheriff, Harpole, investigated the accident, and, as a part of his investigation went to the hospital where the appellant had been carried after the accident. He talked to him there in the presence of appellant’s father. Harpole testified that he noticed a strong smell of alcohol on appellant’s breath. He turned to appellant’s father and asked him to come over and smell, which he did. Harpole was allowed to testify over appellant’s objection that appellant’s father said, “Mr. Bill, he has sho’ been drinking, hadn’t he? He sho’ has.” The trial court in overruling the objection to this testimony observed that the statement by appellant’s father was made in the presence of appellant. Appellant’s father was not called as a witness by either side. Appellant contends that the admission of this hearsay testimony was highly prejudicial and allowed the state to prove one element of the crime by hearsay testimony. The doctrine of accusatory statements made in the presence and hearing of the defendant is admissible, as admissions implied from silence are well established in this state. See Jones v. State, 228 Miss. 296, 87 So.2d 573 (1956); Thurmond v. State, 212 Miss. 36, 53 So.2d 44 (1951).
It is not necessary for us to determine in this case whether the circumstances here met the requirements for the admission of this testimony for the reason that there was ample other evidence to establish that appellant had been drinking, and this testimony was uncontradicted. Therefore, if the admission of this testimony was error, it was harmless error. Miss.Sup.Ct. Rule 11 (1967).
We find no merit in appellant’s assignment of error relative to the admission of the testimony of the physician in which he described decedent’s injuries. The burden was upon the state to prove that McMinn died as a result of the injuries he suffered when his car was struck by a vehicle driven by appellant. We have carefully examined Dr. Ekford’s testimony and find that McMinn was still alive when the doctor examined him. He simply described the injuries that he found and stated that it was his opinion that these injuries were the cause of McMinn’s death. This testimony was relevant in establishing the corpus delicti. Furthermore, it threw some light upon the force of the impact when the two cars collided and to some extent substantiated that appellant was operating his car at a fast rate of speed.
The proof in this case was sufficient to justify the jury in finding defendant guilty, and its verdict is not against the overwhelming weight of the evidence.
Instruction No. 2 granted at the request of the state is for all practical purposes identical to the instruction which we approved in Coleman v. State, 208 Miss. 612, 45 So.2d 240 (1950). We have re-examined the instruction in the light of appellant’s argument and are of the opinion that the instruction is a correct instruction, and it was properly granted by the trial court.
There being no reversible error in this record, we must and do affirm this case.
Afirmed.
GILLESPIE, P. J., and PATTERSON, ROBERTSON, and HARPER, JJ., concur.