367 So.2d 458 (1979)
David JONES
v.
STATE of Mississippi.
No. 50939.
Supreme Court of Mississippi.
February 14, 1979.
*459 John W. Christopher, Canton, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Murder, resulting from an argument which erupted during a game of chance, is the offense for which David Jones (defendant below) was convicted in the Circuit Court of Madison County. Given a sentence of life imprisonment, he appeals. We affirm.
During the evening of September 4, 1975, Jones and Robert L. Williams, the deceased, were gambling at the "Wiggle Inn" in Canton, Mississippi, when an argument ensued and Jones shot Williams. After being shot by Jones, Williams ran out of the "Wiggle Inn" and fell on the sidewalk, mortally wounded. Within a few minutes after the shooting, law officers came to the scene and found Jones, armed with a pistol, standing near the body of Williams.
During the trial, law officer Sullivan testified that when he came to the scene of the killing to investigate the incident he heard a bystander say (referring to Jones), "he's the one that done the shooting," to which testimony defense counsel unsuccessfully objected. The defense now argues that Sullivan's testimony constituted inadmissible hearsay, the admission of which was reversible error. In considering this proposition, we point out that when the bystander said, "he's the one ...," the accused was present and replied, "Yeah, and I'll get you as soon as I get out of this mess." Allowing the jury to hear and consider the bystander's testimony was not error, because the testimony is an exception to the hearsay rule. The bystander's statement (he's the one ...) was made in the presence of Jones (the accused), who *460 had a fair opportunity to deny, ignore, or otherwise respond to the statement that he shot Williams. Jones chose not to remain silent and voluntarily responded, in effect, that he did just what the bystander said he did and would "get" the bystander later "as soon as I get out of this mess." The action of the trial court in overruling the defense objection was proper. Jones v. State, 228 Miss. 296, 87 So.2d 573 (1956).
Another argument advanced by Jones is that the trial judge erred in allowing into evidence the weapon used in the killing, when the state failed to establish a continuous chain. Officer Sullivan, however, testified that the .25 calibre pistol at issue was the one that he took from the possession of Jones at the scene of the killing. During his work on the case, Sullivan made a scratch mark on the gun, afterward placing it in a safe in the office of the chief of police. At trial Sullivan clearly identified the gun by his mark on it, and the evidence does not suggest or raise any inference of any tampering or substitution of the item which went into evidence. Upon careful reading of the record, we cannot say that the lower court erred in allowing introduction of the pistol. Grady v. State, 274 So.2d 141 (Miss. 1973).
Admitted into evidence over Jones' objection was a black and white photograph of the deceased (lying in front of the "Wiggle Inn"), taken after he was shot, admission of which is said to constitute reversible error. In his brief Jones cites several cases holding inadmissible gruesome photographs which could serve no useful purpose on any issue in the case. At trial, however, Jones' objection to the photograph was not based on the gruesome aspect of the photograph or that the photograph was intended to inflame the jurors' minds. Therefore, we will not reverse on account of the alleged gruesome or inflammatory qualities of the photograph because this ground of objection was not raised at trial. Stringer v. State, 279 So.2d 156 (Miss. 1973). Our rule is that the admission of photographs is a matter vested within the sound judicial discretion of trial courts, and we will not reverse unless it is shown that the discretion was abused, which does not appear here. The photograph was a black and white print and does not appear to be inordinately gruesome.
The last argument made, that the verdict was against the great weight of the evidence and contrary to the law, is totally without merit. The conviction was supported by the uncontradicted testimony of a number of witnesses who heard the shot and then saw Jones with a pistol in his hand. According to these witnesses, the deceased immediately exited the building, fell on the sidewalk, and expired. The jury was justified in accepting the state's testimony, which included Jones' admission at the scene of the crime, made with the gun still in his hand. After the state rested its case, no testimony was offered by or in behalf of Jones.
Our judgment is that Jones' conviction was adequately established by cogent evidence. No reversible error appears and affirmance is required.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
SMITH, P.J., took no part.