492 So.2d 581 (1986)
Johnny Ray McBRIDE,
v.
STATE of Mississippi.
No. 56361.
Supreme Court of Mississippi.
July 30, 1986.
*582 Morgan D. Brackeen, Decatur, Hugh Gibson, Liston, Gibson & Lancaster, Eupora, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Johnny Ray McBride was convicted in the Circuit Court of Webster County for raping a female child under the age of twelve (12) years and was sentenced to life in custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns five (5) errors in the trial below.
Appellant, twenty-three (23) years of age, and the victim, age ten (10) years, had been acquainted with each for some time prior to the rape incident, both living in the McBride Quarters, Maben, Mississippi. During the evening of December 23, 1983, the prosecutrix was sent by her grandmother to purchase some cokes at the house of one Miss Josie. No one answered the door and prosecutrix started to return home. According to her, as she walked back, appellant invited her into his trailer to "get some meat." Thinking that appellant was going to give her something to eat, she proceeded into the trailer where appellant grabbed her by the arm, pulled her into the bedroom, removed her clothes and began to rape her. He bit her several times.
After the incident, the victim ran out the door onto the porch, clad only in a sweater, and screamed. In the meantime, her grandmother and aunt had gone in search of her when she had not returned, and as they were passing appellant's home, the young girl came running out. The three of them proceeded to the home of one Mary Graham. Shortly thereafter, appellant came to the Graham house. Three witnesses testified he was asked by Minnie Pearl Williams, appellant's aunt, whether he did it (raped the child), and that appellant said "She told me to get a little piece, and I got a little bit" or something to that effect.
The victim was taken to the hospital emergency room where she was examined by Dr. Charles Ozborn. He testified that her vagina and perineum were lacerated and bleeding and he observed bruises and teeth marks on her right shoulder. No spermatazoa was found.
Appellant testified that he invited the prosecutrix into his trailer to get some hoghead souse for a friend; that after giving the souse to her, the prosecutrix asked, if she could use his bathroom, and she was *583 permitted to do so; that when she went to the bathroom, appellant went to the bedroom, took off his clothes, got in bed, and pulled the covers over his head; that the prosecutrix came to the door of the bedroom and he ordered her to get out of his house; and that the next thing he knew, she was on the porch yelling that appellant had tried to rape her.

I.

THE LOWER COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR A CONTINUANCE AND REQUEST FOR AN ADDITIONAL SPECIAL VENIRE WHEN THE SPECIAL VENIRE WAS EXHAUSTED AND DEFENDANT WAS FORCED TO ACCEPT JURORS FROM THE REGULAR JURY PANEL.
The lower court granted a special venire of sixty (60) individuals upon the motion of appellant. Of those sixty names drawn, forty-one (41) were summoned and appeared in court. In conducting the voir dire of the venire, and challenging certain veniremen, the special venire was exhausted and the court resorted to the regular jury panels for completion of the jury. Appellant moved for a continuance and that another special venire be drawn for the selection of the jury. In overruling the motion, the trial judge said:
Let the record reflect that we have gone to the regular venire after having exhausted the special venire. Let the record also reflect that this jury panel was qualified on Monday and has not sat on a single case during this term of court. The motion is overruled.
Mississippi Code Annotated § 13-5-77 (1972) is a complete answer to Assignment I:
When any person charged with a capital crime, or with the crime of manslaughter, shall have been arraigned and the plea of not guilty entered, it shall be the duty of the court, upon the demand of the accused or the district attorney, to cause to be drawn, in open court, from the jury-box as many names as the judge in his discretion may direct, not to be less than forty, and it shall be the duty of the clerk to issue a special venire facias, commanding the sheriff to summon the persons whose names are so drawn, to attend the court on a particular day to be named in the writ. In case the special venire be exhausted without a jury being impaneled from those summoned and in attendance, the court shall proceed to make up the jury for the trial of the case from the regular panel and tales jurors who may have been summoned for the day. If, after exhausting said regular panel and tales jurors, a competent jury be not obtained, the court shall direct the sheriff to summon forthwith as many tales jurors as shall be sufficient to complete the jury.
Suffice it to say, the lower court did not abuse its discretion in declining to grant a continuance upon appellant's motion. Greene v. State, 406 So.2d 805 (Miss. 1981).

II.

THE LOWER COURT ERRED IN RULING THAT CONSENT WAS NOT AN ISSUE WHERE THE DEFENDANT WAS ALLEGED TO HAVE HAD CARNAL KNOWLEDGE FORCIBLY AND AGAINST THE WILL OF A CHILD UNDER AGE OF TWELVE (12) YEARS OLD.
Appellant filed a motion in limine requesting the lower court to restrict the introduction of testimony and references to the fact that consent was not an issue, where the evidence of assault expected to be introduced for the State would indicate force and being against the will of the victim; and that consent was not an issue. Appellant further contends that Instruction S-1 was prejudicial; and that he was not apprised of the type rape he would be called upon to defend, viz, statutory rape or forcible rape. The indictment charged:
JOHNNY RAY McBRIDE ... did unlawfully and feloniously have carnal knowledge of ..., a female child under the age of twelve (12) years, the said Johnny Ray *584 McBride being then and there a male person over eighteen (18) years of age, in violation of MCA § 97-3-65(1) (Supp. 1983), ...
Instruction S-1 follows:
The defendant, Johnny Ray McBride, Has [sic] been charged by an indictment with the crime of rape.
If you find from all the evidence in this case beyond a reasonable doubt that;
1... . was a female person under the age of twelve (12) years; and
2. the defendant was a male person above the age of eighteen (18) years; and
3. the defendant, on or about December 24, 1983, in Webster County, Mississippi, either (a) had carnal knowledge of ... by the penetration, however slight, of her female sexual organ with his male sexual organ, or (b) lacerated or tore ... female private parts in the attempt of [sic] have carnal knowedge of her, then you shall find the defendant guilty of rape.
If the State has failed to prove all of the above elements beyond a reasonable doubt, then you shall find the defendant not guilty.
The alleged victim's resistance or lack of resistance is not relevant to your consideration, because a female child under twelve years of age cannot legally consent to the act of sexual intercourse, if any.
Appellant was charged with capital rape as defined by Mississippi Code Annotated § 97-3-65(1) (Supp. 1983), viz, unlawful carnal knowledge of a female child under the age of twelve (12) years. The indictment did not charge that the act was forcefully done against the will of the child. Such an allegation was not necessary under the statute. Although the State's proof went to the extent that the child was forcibly raped, viz, assaulted, lacerated and torn, the proof did not change or vary the charge as laid in the indictment. The State simply proved more than it was required to. The child was under the age of consent, and it was not material whether the rape was accomplished by force or violence and against the will of the child. Consent is no defense to the charge. Brooks v. State, 242 So.2d 865 (Miss. 1971); Lewis v. State, 183 Miss. 192, 184 So. 53 (1938); Williams v. State, 47 Miss. 609 (1873); Lee v. State, 322 So.2d 751 (Miss. 1975); Upshaw v. State, 350 So.2d 1358 (Miss. 1977); Jackson v. State, 420 So.2d 1045 (Miss. 1982); Hickombottom v. State, 409 So.2d 1337 (Miss. 1983); Anthony v. State, 349 So.2d 1066 (Miss. 1977).
There is no merit to Assignment II.

III.

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO INTRODUCTION OF HEARSAY STATEMENTS FROM CERTAIN WITNESSES FOR THE PROSECUTION.
Vera McBride, Minnie Pearl Williams and Mary Graham talked to the prosecutrix soon after she ran from appellant's trailer. In a short while, appellant went to the Graham home and engaged in conversation with them about the matter. The State called Vera McBride as a witness, and the appellant called Minnie Pearl Williams and Mary Graham as witnesses. Both witnesses testified to the following:
(TESTIMONY OF VERA McBRIDE):
Q. What was the question that Minnie asked the Defendant, Johnny Ray McBride?
BY MR. GIBSON [Counsel for Appellant]
We object, may it please the Court. It is hearsay to repeat what someone else said.
BY THE COURT:
The objection is overruled at this time. She may answer.
BY MR. SNYDER: (To the witness) [Counsel for Appellee]
Q. What question did Minnie ask him?
A. She asked Danny Ray if he did that.

*585 Q. What did Johnny Ray McBride, the Defendant, say?
BY MR. GIBSON:
We object, may it please the Court, to the answer.
BY THE COURT:
Objection is overruled
BY MR. SNYDER: (To the witness)
Q. You may answer the question.
A. He said, `She told me to get a little piece and I just got a little bit.'
Q. Now, repeat  I missed the first part. What did he say?
A. `She told me to come on and get a little bit and I got a little bit.'
Q. `She told me to come on and get a little bit and I got a little bit.'?
A. (Witness nods head affirmatively.)
Minnie Pearl Williams was called by the defendant and testified to the following on direct examination:
[TESTIMONY OF MINNIE PEARL WILLIAMS]
Q. Now, would you tell us whether or not you inquired of Johnny Ray McBride any questions? Did you ask him anything?
A. Yeah, I asked him one question.
Q. What did you ask him?
A. I asked him, I said, `Danny Ray, did you do that?'
Q. And, what did he tell you?
A. He just said, `She asked me did I want some.'
Q. What else did he say?
A. He didn't say nothing else.
Q. He didn't say anything else?
A. No.
BY MR. GIBSON:
No further questions.
Mary Louise Graham, for the defendant, on direct examination, testified and stated:
[TESTIMONY OF MARY LOUISE GRAHAM]
Q. Ms. Graham, I'd like to direct your attention to December 24, 1983, at your house. Were you present when Minnie asked the Defendant, Johnny Ray McBride, any question?
A. Yeah.
Q. What did she ask him?
A. She asked him did he do it.
Q. What was his reply?
A. He said she asked him did he want a little bit, and he got it.
BY MR. EVANS:
Nothing further.
Appellant claims first that he was entitled to a hearing before the statements were admitted into evidence, citing McElroy v. State, 204 So.2d 463 (Miss. 1967). In McElroy, after a cattle rustler had been arrested and was in police custody, the owner of the cattle questioned McElroy, who confessed to the crime. That case is distinguished from the case sub judice. Appellant next contends that he was drunk that night and the statement was not freely and voluntarily made, citing State v. Williams, 208 So.2d 172 (Miss. 1968).
Appellant further claims that the statements were hearsay, citing Lee v. State, 338 So.2d 395 (Miss. 1976). The State counters with the argument that, even if hearsay, it was admissible as an exception to the hearsay rule, citing Jones v. State, 367 So.2d 458 (Miss. 1979), wherein the Court said:
During the trial, law officer Sullivan testified that when he came to the scene of the killing to investigate the incident he heard a bystander say (referring to Jones), "he's the one that done the shooting," to which testimony defense counsel unsuccessfully objected. The defense now argues that Sullivan's testimony constitute inadmissible hearsay, the admission of which was reversible error. In considering this proposition, we point out that when the bystander said, "he's the one ...," the accused was present and replied, "Yeah, and I'll get you as soon as I get out of this mess." Allowing the jury to hear and consider the bystander's testimony was not error, because the testimony is an exception to the hearsay rule. The bystander's statement (he's the one...) was made in the *586 presence of Jones (the accused), who had a fair opportunity to deny, ignore, or otherwise respond to the statement that he shot Williams. Jones chose not to remain silent and voluntarily responded, in effect, that he did just what the bystander said he did and would "get" the bystander later "as soon as I get out of this mess." The action of the trial court in overruling the defense objection was proper. Jones v. State, 228 Miss. 296, 87 So.2d 573 (1956).
367 So.2d at 459.
The question of whether or not the statements of appellant were voluntary is not preserved, since the only objection entered was on the hearsay issue. The voluntariness objection was not heard until the close of the State's case-in-chief.
With reference to a hearing in limine on the statements, the appellant failed to follow up on his motion in limine. The duty of bringing it to the attention of the judge and requesting a hearing was the responsibility of counsel for appellant. Dyer v. State, 300 So.2d 788 (Miss. 1974); Johnson v. State, 461 So.2d 1288 (Miss. 1984).
The statement made by appellant within a very short time after the incident before he had been arrested and while he was not in custody of the police officers actually amounted to an admission against interest. Practically the identical statements were elicited by appellant in his case-in-chief from the testimony of Minnie Pearl Williams. We do not think that there is merit in Assignment III.

IV.  V.

THE LOWER COURT ERRED IN SENTENCING APPELLANT TO LIFE IMPRISONMENT.

THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
There is no merit to Assignment IV. The question was decided adversely to appellant in Williams v. State, 427 So.2d 100 (Miss. 1983). The Court said:
The record, or lack of record, in the case sub judice indicates without doubt that the case proceeded to trial as a rape not justifying the death penalty. The jury found the appellant guilty as charged, and the only sentence under such verdict which could be imposed was a life sentence by the trial judge. On that guilty verdict by the jury, with no other sentence to be imposed, the status of the case was the same as in Bullock v. Harpole [233 Miss. 486, 102 So.2d 687 (1958)], supra. Therefore, we hold that the trial judge was not required to send the jury back to the jury room for the purpose of returning a verdict of life imprisonment, and he did not commit error in the procedure followed by him.
427 So.2d at 106. See Miss. Code Ann. § 97-3-65.
Under Assignment V, the appellant claims that the verdict of the lower was contrary to the overwhelming weight of the evidence. We have detailed to some extent the State's evidence supporting the conviction. The evidence for the State was overwhelming as to the guilt of the appellant and the testimony of appellant was incredible. There is no merit to Assignment V.
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.