BARNES, J.,
 

 for the Court:
 

 ¶ 1. On February 17, 2010, a Scott County Circuit Court jury convicted Eddie Johnson Jr. of one count of statutory rape. Johnson was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to serve without benefit of parole, fifteen years suspended, and five years of post-release supervision. Johnson filed a motion for a new trial, which the circuit court denied. He appeals the denial of his motion, and finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In the summer of 2008, fifteen-year-old Anna,
 
 [1]
 
 who lived near Morton, Missis
 
 *65
 
 sippi, with her mother and little brother, went to visit her older half-sister, Penny, for a couple of months. Both girls have the same father. Penny also lived near Morton and resided with her mother, her younger sister, and Johnson, her stepfather.
 

 ¶ 3. On August 1, 2008, a distraught Anna threatened to overdose on Tylenol® PM; however, Penny and her cousin, Kelly, stopped Anna from taking the pills. Anna became argumentative, left the house, and began to walk down the road. The other girls caught up with Anna and brought her to Penny’s grandmother’s house. At this point, Anna’s mother, Pamela, had been contacted about Anna’s behavior and had arrived at the grandmother’s home. Anna then told Penny, Kelly, Penny’s grandmother, and Pamela that Johnson had sexually assaulted her on two separate occasions in the past month. Pamela took Anna to a doctor for an examination and then took her to the sheriffs department, where Anna gave law enforcement a four-page written statement detailing the sexual assaults and advances that Johnson had made toward Anna during the month of July 2008.
 

 ¶ 4. In her statement, Anna stated that on July 4, 2008, she and Penny’s family were outside lighting fireworks. At one point that evening, Anna walked by Johnson and noted that he lightly brushed her buttocks with his hand. She assumed it was merely an accident. Shortly after midnight that same evening, Anna got out of bed and went to the kitchen to get a glass of water. She stated that Johnson came up behind her, put his arm around her neck, and whispered, “I’ll choke you.” Frightened, Anna allowed Johnson to take her to an empty room in the house. She lay on the floor, and Johnson had sexual intercourse with her. Afterwards, Anna said that she went back to Penny’s room and “cried [herself] to sleep.” A couple of days later, she told Penny about what had occurred. Penny advised her to tell Penny’s mother, but Anna said she was afraid.
 

 ¶ 5. In her statement, Anna also claimed that Johnson raped her a second time. She said that later that week, she and Penny fell asleep on the couch watching a movie. Although Johnson supposedly was gone on a business trip, at approximately three o’clock in the morning, Anna awoke to find him standing over her. Johnson began fondling Anna and touching her private areas. She claimed that he pushed her into an unoccupied bedroom and raped her again. She also reported this incident to Penny who said that she should tell someone; however, she did not. Anna also alleged that Johnson consistently tried to find opportunities to brush up against her.
 

 ¶ 6. Johnson was indicted on two counts of statutory rape in violation of Mississippi Annotated Code section 97-3-65(l)(a) (Rev.2006) on August 5, 2009. At the trial, Anna reiterated her claim that Johnson had raped her in the early morning hours of July 5th, but testified that he only touched her in a sexual manner during the incident on the couch. When questioned about the second incident on direct examination, Anna offered the following testimony:
 

 Q. Nothing else happened except for him touching and rubbing against you on that occasion?
 

 A. Yes, sir.
 

 [[Image here]]
 

 Q. Now, did he — did anything else of a sexual nature occur between you and him on this second occasion?
 

 A. No, sir.
 

 
 *66
 
 Q. No? You were never in the daughter’s bedroom with the Defendant, and no sexual contact between you and the Defendant took place in the daughter’s bedroom[?]
 

 A. No, sir.
 

 On cross-examination, defense counsel introduced Anna’s written statement into evidence in order to impeach her testimony. After being shown a copy of the statement, Anna then testified on cross-examination as follows:
 

 Q. Okay. Now, Eddie Johnson’s charged with having sex with you twice, right? Do you understand that?
 

 A. Yes, sir.
 

 Q. But now you’re testifying today he only — it happened one time; is that right?
 

 A. Yes, sir.
 

 Q. And when you gave this statement, you said that the first time it happened that it happened — that it happened twice, right?
 

 A. Yes, sir.
 

 Q. That you had sex — that he had sex with you and then immediately he had sex with you again, right?
 

 A. Yes, sir.
 

 Q. But that’s not what you testified to today, is it?
 

 A. No, sir.
 

 [[Image here]]
 

 Q. How many times did Eddie Johnson have sex with you?
 

 A. To just my plain knowledge, that I can remember, it happened-before I came in here that I can remember, it happened once, and he molested me twice. But reading the paper, and refreshing my memory, I remember that it happened twice, that he molested me.
 

 ¶ 7. Johnson was convicted on one count of statutory rape; he was found not guilty on the other count of statutory rape, which pertained to what had occurred the night he allegedly awoke Anna on the couch. The circuit court sentenced Johnson to thirty years in the custody of the MDOC, with fifteen years to serve without benefit of parole, fifteen years to be suspended, and five years of post-release supervision. Johnson was also ordered to receive therapy for sexual addiction and to be evaluated for any need of drug and alcohol treatment.
 

 ¶ 8. Johnson filed a motion for a new trial on February 26, 2010, which the circuit court denied. Johnson timely filed a notice of appeal, and finding no error, we affirm.
 

 DISCUSSION
 

 I. Whether the circuit court erred in allowing Anna’s prior inconsistent statement to be admitted as evidence.
 

 ¶ 9. In her written statement given to law enforcement in August 2008, Anna stated that Johnson had sex with her on two separate occasions — once on July 5, 2008, and once on the night he woke her while she was on the couch. However, in her testimony during direct examination at trial, Anna said that Johnson only had sex with her once. Johnson introduced Anna’s written statement into evidence for impeachment purposes, and he now claims that the circuit court erred by allowing it to be used as substantive evidence. Johnson refers to the following remark made by the State in its closing argument: “That’s the truth, what she wrote, and what she presented in the way of her account of what happened on August 1st to Billy Patrick.”
 

 
 *67
 
 ¶ 10. The Mississippi Supreme Court has stated that “while a prior inconsistent statement of a testifying witness can be used to impeach the witness’s credibility, it is not admissible as substantive evidence of the defendant’s guilt.”
 
 Smith v. State,
 
 25
 
 So.3d
 
 264, 271 (¶ 22) (Miss.2009). However, defense counsel failed to object to the State’s comment at trial. The failure to make a timely objection to an issue at trial waives consideration of the issue on appeal.
 
 Keys v. State,
 
 33 So.3d 1143, 1149-50 (¶ 22) (Miss.Ct.App.2009) (citing
 
 Cavett v. State,
 
 717 So.2d 722, 726 (¶21) (Miss.1998)). “The [circuit] court will not be held in error on a matter that was never presented for its consideration.”
 
 Id.
 
 (citing
 
 Bogan v. State,
 
 754 So.2d 1289, 1294 (¶ 19) (Miss.Ct.App.2000)).
 

 ¶ 11. Notwithstanding the procedural bar, the only inconsistency in regard to Anna’s statement was related to the second incident, for which Johnson was not convicted. Furthermore, we find nothing to support Johnson’s assertion that this evidence was used to “bolster” Anna’s allegations regarding the first encounter. This issue is without merit.
 

 II. Whether the circuit court erred by not issuing a limiting instruction as to the evidence of Anna’s written statement.
 

 ¶ 12. Johnson also contends that the circuit court should have issued sua sponte a limiting instruction to the jury regarding its consideration of the prior statement by Anna. Again, defense counsel made no objection at trial; therefore, this issue is procedurally waived on appeal.
 

 ¶ 13. Procedural bar aside, we find that since Johnson introduced the prior statement into evidence and
 
 never requested a limiting instruction,
 
 this issue lacks merit. In
 
 Moss v. State,
 
 977 So.2d 1201, 1212 (¶ 22) (Miss.Ct.App.2007), this Court considered a similar situation where the defendant introduced evidence and then argued on appeal that the circuit court should have issued sua sponte a limiting instruction to the jury. We rejected this argument, citing the comments to Mississippi Rule of Evidence 105. “The rule requires that the party affected
 
 make a request to limit the evidence.
 
 If no request is made, and consequently the evidence is admitted, existing practice suggests that
 
 no error has been committed.” .Id.
 
 (quoting M.R.E. 105) (emphasis added). In our holding, we reasoned:
 

 Our supreme court has interpreted Rule 105 to provide that a trial court is not obligated to sua sponte give a limiting instruction regarding the admittance of a prior conviction under Rule 404(b), overruling a line of cases requiring such an instruction.
 
 Brown v. State,
 
 890 So.2d 901, 913 (¶ 36) (Miss.2004). The court held that Mississippi Rule of Evidence 105 “clearly places the burden of requesting a Rule 404(b) limiting instruction upon counsel.”
 
 Id.
 
 As the admittance of evidence of a prior conviction under Rule 404(b) has been analogized to the admittance of such evidence for the purpose of impeachment under Rule 609,
 
 Bounds v. State,
 
 688 So.2d 1362, 1369 (Miss.1997), we can find no reason why the same rule should not apply in this instance. Thus, we hold that because the burden to request a limiting instruction falls upon defense counsel in the admittance of 404(b) evidence,
 
 the burden falls upon defense counsel to request a limiting instruction in the context of the admittance of prior convictions through impeachment under Rule 609.
 

 Id.
 
 at (¶ 24) (emphasis added). Consequently, we find that the circuit court’s failure to submit a limiting instruction was not reversible error.
 

 
 *68
 
 III. Whether the circuit court erred in denying Johnson’s motion for a directed verdict and his motion for a new trial.
 

 ¶ 14. Johnson argues that Anna’s testimony “was thoroughly contradictory” and that there was no physical evidence that she was raped. Thus, he claims that the circuit judge erred in denying his motion for a directed verdict as the evidence was insufficient to support the verdict. The State argues that the issue concerning Johnson’s motion for a directed verdict is waived as Johnson proceeded to introduce evidence after his motion was denied. However, in Johnson’s supplemental motion for a new trial he argued that “the evidence was insufficient as a matter of law to support the verdict of the jury.” Therefore, while the post-trial motion did not specifically state that it was a motion for a judgment notwithstanding the verdict (JNOV), it nevertheless presented the issue of sufficiency of the evidence to the circuit court and preserved it for appeal.
 

 ¶ 15. “Both a motion for [a] directed verdict and a motion for [a] JNOV challenge the sufficiency of the evidence presented to the jury.”
 
 McBride v. State,
 
 61 So.3d 174, 183 (¶ 29) (Miss.Ct.App.2010) (citing
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005)). If “the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed,” then the evidence is sufficient to support the verdict.
 
 Madden v. State,
 
 42 So.3d 566, 569 (¶ 8) (Miss.Ct.App.2010) (quoting
 
 Bush,
 
 895 So.2d at 843 (¶16)). “This Court will reverse a conviction only if, upon examination of the evidence, we find that the evidence ‘points in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty.’ ”
 
 Id.
 

 ¶ 16. In reviewing a circuit court’s denial of a motion for a new trial, this Court will reverse if the verdict is shown to be “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Id.
 
 at 572 (¶ 24) (quoting
 
 Bush,
 
 895 So.2d at 844 (¶ 18)). “To determine whether a verdict is against the overwhelming weight of the evidence, this Court sits as a ‘thirteenth juror’ to examine the evidence in the light most favorable to the verdict.”
 
 Id.
 

 ¶ 17. Johnson argues that there were numerous contradictions in Anna’s testimony, and he notes the lack of any physical evidence that Anna was raped. He also observes that Anna remained in the home for almost a month afterwards. However, “the unsubstantiated and uncorroborated testimony of a victim is sufficient to support a guilty verdict if that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with conduct of one who has been victimized by a sex crime.”
 
 Price v. State,
 
 898 So.2d 641, 651 (¶ 23) (Miss.2005) (citations omitted). Further, physical evidence in not needed to support a conviction for rape.
 
 Walker v. State,
 
 878 So.2d 913, 916 (¶ 17) (Miss.2004) (citing
 
 Winston v. State,
 
 754 So.2d 1154, 1156 (¶ 5) (Miss.1999)).
 

 ¶ 18. Johnson is attempting to discredit the testimony of Anna by referring to her inconsistent statement regarding the second incident; however, it has been clearly stated by the Mississippi Supreme Court that “the jury is the judge of the credibility of a witness.”
 
 Price,
 
 898 So.2d. at 652 (¶ 25) (citation omitted). The testimony of Penny, Kelly, and Pamela, concerning what Anna told them was similar to Anna’s testimony. There was also consistent tes
 
 *69
 
 timony that Anna was very emotional and upset on the day that she told the others about the sexual assaults. Pamela also testified that the weekend prior to Anna’s emotional outburst, Anna came to see her, and she did not seem normal.
 

 ¶ 19. In reviewing the record, we find that the jury verdict was supported by sufficient evidence. Further, in viewing the facts in the light most favorable to the verdict, we find that the overwhelming weight of the evidence is not against Johnson’s conviction. Consequently, we find no error in the circuit court’s denial of Johnson’s motion for a directed verdict and his motion for a new trial.
 

 IY. Whether the cumulative effect of errors warrants a reversal.
 

 ¶ 20. Johnson argues that the cumulative effect of the alleged errors at trial warrant a reversal of his conviction. However, a “[rjeversal based upon cumulative error requires a finding or findings of error.”
 
 Madden,
 
 42 So.3d at 574 (¶ 31) (quoting
 
 Thompson v. State,
 
 990 So.2d 265, 270 (¶ 12) (Miss.Ct.App.2008)). As we have found no merit to Johnson’s claims of individual error, a reversal of Johnson’s conviction is not warranted.
 

 V. Whether defense counsel’s performance was ineffective.
 

 ¶ 21. Johnson submits the alternative argument that his counsel’s performance was ineffective for the failure to object to the State’s remarks at trial and the failure to request a limiting instruction. In reviewing an ineffective assistance of counsel claim, we utilize the two-prong test in
 
 Strickland v. Washington,
 
 466 U.S. 668, 677, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which states that the defendant “must prove (1) that counsel’s performance was deficient, and (2) but for the deficiencies, the trial court outcome would have been different.”
 
 Ward v. State,
 
 914 So.2d 332, 336 (¶ 12) (Miss.Ct.App.2005) (citing
 
 Gatewood v. State,
 
 909 So.2d 754, 756 (¶ 5) (Miss.Ct.App.2005)).
 

 ¶ 22. As we found that the State’s remarks in closing argument did not constitute reversible error, we cannot conclude that counsel’s failure to object was ineffective assistance of counsel. Further, we cannot find that counsel’s failure to request a limiting instruction rendered his performance ineffective. Johnson claims that the limiting instruction was needed to cure “the error developed by the prosecution’s misconduct and should have instructed the jury to limit the effect of the prior inconsistent statement.” Again, no reversible error existed in regard to the State’s remarks. Moreover, any inconsistencies in the statement were related to the second count, for which Johnson was not convicted.
 

 ¶ 23. Accordingly, we find that defense counsel’s performance was not ineffective as it did not affect the outcome of the trial. This issue is without merit.
 

 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIFTEEN YEARS TO SERVE WITHOUT BENEFIT OF PAROLE, FIFTEEN YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT
 
 *70
 
 SEPARATE WRITTEN OPINION. MYERS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . To protect the identity of victims of sexual abuse, we have substituted fictitious names
 
 *65
 
 for the victim and her family members.