# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-KA-02345-SCT

*JOSHUA PHILLIPSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/2005 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAN W. DUGGAN, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DAVID BYRD CLARK |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/30/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DIAZ AND DICKINSON, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1.     This case presents the question of whether a defendant accused of statutory rape is entitled to a lesser-included jury instruction regarding fornication. Because fornication is not a lesser-included crime of statutory rape, we affirm the ruling of the trial court to exclude the instruction.

## FACTS AND PROCEEDINGS BELOW

¶2.     The facts of this case are not in dispute. Joshua Phillipson was arrested, tried, and

convicted for the statutory rape of B.G., a minor female.[1]  At the time of the event, May 18, 2004, Phillipson was 20 years old and the minor was 15.  Phillipson was sentenced to 2 ½ years in the custody of the Mississippi Department of Corrections for the crime.

¶3.   The sole issue on appeal is whether the Rankin County Circuit Court committed reversible error in refusing jury instruction D6, which read:

> The Court instructs the jury that if you find that the state has failed to prove any one the essential elements of the crime of STATUTORY RAPE, you must find the defendant not guilty.  You will then proceed with your deliberations to decide whether the state has proved beyond a reasonable doubt all the elements of the lesser crime of FORNICATION.  If warranted by the evidence, you may find the defendant guilty of a crime lesser than STATUTORY RAPE.  However, notwithstanding that right, it is your duty to accept the law as given to you by the court.  If the facts and the law warrant a conviction for the crime of STATUTORY RAPE, then it is your duty to make such a finding, uninfluenced by your power to find a lesser offense.  This provision is not designed to relieve you from the performance of an unpleasant duty.  It is included to prevent a failure of justice if the evidence fails to prove the original charge, but does justify a verdict for FORNICATION.
> FORNICATION is defined as unlawful sexual intercourse between two unmarried persons.

¶4.   Because it was not error to refuse this instruction, we affirm the ruling of the trial court.

## STANDARD OF REVIEW

¶5.   Jury instructions are not reviewed in isolation, but read as a whole to determine if the jury was properly instructed.  *Milano v. State*, 790 So. 2d 179, 184 (Miss. 2001).  The instructions must fairly announce the law of the case and not create injustice.  *Id.* at 184.  "In other words, if all instructions taken as a whole fairly, but not necessarily perfectly, announce

---

[1]We omit the name of the minor out of respect for her age and the crime involved.

the applicable rules of law, no error results." ***Adams v. State***, 772 So. 2d 1010, 1016 (Miss. 2000).

## DISCUSSION

¶6. Phillipson argues that he should have received a jury instruction on fornication because it presented a viable theory of the case. "A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." ***Adams***, 772 So. 2d at 1016 (internal quotations and citations omitted). We greatly value the right of a defendant to present his theory of the case, and "[w]here a defendant's proffered instruction has an evidentiary basis, properly states the law, and is the only instruction presenting his theory of the case, refusal to grant it constitutes reversible error." ***Id.*** (internal quotations & citations omitted).

¶7. In the case of instructions regarding a lesser-included offense, "the defendant may request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment." ***Id.*** (internal quotations & citations omitted).

¶8. "The crime of statutory rape is committed when . . . [a]ny person seventeen (17) years of age or older has sexual intercourse with a child who . . . [i]s at least fourteen (14) but under sixteen (16) years of age; [and] [i]s thirty-six (36) or more months younger than the person; and . . . [i]s not the person's spouse." Miss. Code Ann. § 97-3-65(1)(a) (Rev. 2006). It is undisputed that Phillipson was 20 years old and B.G. was 15; this is a difference of more than 36 months; and they are unmarried.

¶9.     Phillipson admitted having sexual intercourse with B.G., while insisting it was consensual.   Under our laws, a minor that fits the criteria of the statute simply does not have the legal power to consent.   The age of a minor is complete bar to the legal exercise of consent to sexual intercourse.   "At the heart of [the statutory rape statute] is the core concern that children should not be exploited for sexual purposes regardless of their 'consent,'" as "[t]hey simply cannot appreciate the significance or the consequences of their actions." *Collins v. State*, 691 So. 2d 918, 924 (Miss. 1997).

¶10.     Accordingly, consent is not and cannot be a defense to a charge of statutory rape.  Miss. Code Ann. § 97-3-65(2).   Statutory rape is also a "strict liability" crime, and a defendant cannot maintain a "mistake of age" defense.   *Collins*, 691 So. 2d at 923.   As a result there are no lesser-included crimes to statutory rape.

¶11.     Despite our law on statutory rape, Phillipson offers that he should have been able to present evidence that he committed "fornication," not statutory rape.   He cites to a legal dictionary's definition of the term and asks that we apply "the common law definition of fornication to the facts in th[is] case."   Our law does not explicitly prohibit "fornication" in and of itself.   We decline this offer to adopt fornication as a "common law" crime, as the Legislature is the body that properly defines and prohibits criminal behavior.

¶12.     In addition to his "common law" crime argument, Phillipson suggests his instruction also fits the Mississippi Code, specifically Section 97-29-1:

> If any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall be fined in any sum not more than five hundred dollars each, and imprisoned in the county jail not more than six months; and it shall not be necessary, to constitute the offense, that the parties shall dwell together publicly as husband and wife, but it may be proved by circumstances which show

habitual sexual intercourse.

Miss. Code Ann. § 97-29-1 (Rev. 2006). What Phillipson does not perceive is that this law is a prohibition on cohabitation that involves adultery or fornication. There was no evidence that he and B.G. were cohabitating. Even if there were, charges under this section are still separate from a statutory rape charge. The reasoning behind the prohibition on statutory rape was discussed *infra*: it is to protect against exploitation and vulnerability, not to prevent cohabitation.

¶13. The crimes are separate and unrelated, as the trial court found—indeed, as counsel for Phillipson admitted at trial. The following discussion was had between the trial court, Rankin County District Attorney David Clark, Rankin County Assistant District Attorney Jamie McBride, and counsel for the defense Dan Duggan, regarding Instruction D6:

> MR. McBRIDE: Judge, I think that's a mistake of the law. I mean, it talks about a lesser included crime of fornication. And, Judge, I don't believe there is such a lesser included crime as statutory rape. In fact, I believe the crime of fornication actually involves having to live together, Judge.
> THE COURT: I thought it had to do with something about prohibited within the -- created by the incest statute within the degrees of civil kinship or something.
> MR. McBRIDE: It was the only one I could find but I thought it was referring to was 97-29-1, it says, 'Adultery and fornication, unlawful cohabitation. If any man and woman shall unlawfully cohabitate whether adultery or fornication . . . .' And, then, it goes on and it talks about habitual, sexual intercourse . . . .
> [. . .]
> Judge, usually those statutes have clear -- for instance, in statutory rape, we had the age on it, which is not required under the fornication statute. And under the fornication statute, it requires cohabitation. There was just one instance in there, of course. The key word is habitual.
> THE COURT: Which fornication statute are you referring to, Mr. Duggan?
> MR. DUGGAN: Well, there are a number of them and --
> THE COURT: Yeah. All right. There's the one I was thinking about, the civil kinship. **Well, can you point me to one that you're basing the instruction on?**
> MR. DUGGAN: **No.**

THE COURT: **I don't see where it fits.**
MR. DUGGAN: **It does not, Judge.**
THE COURT: D6 is refused.

(Emphasis added). As the trial court held, the instruction simply does not fit. Accordingly, the sole issue on appeal has no merit.

## CONCLUSION

¶14. The trial court properly refused the instruction detailing a lesser-included crime to statutory rape as there is no such creature. Because there was no error, the judgment of the trial court is affirmed.

¶15. **CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWO AND ONE-HALF (2 ½) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.**