# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00669-SCT

*CARLOS TAYLOR*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2009 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AFFIRMED - 08/01/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Carlos Taylor appealed his sentence of life without parole, claiming that "the trial court abused [its] discretion in sentencing Taylor under Miss. Code Ann. Section 99-19-83, as the prosecution failed to prove all essential elements under the statute." The Court of Appeals affirmed. ***Taylor v. State***, __ So. 3d __, 2011 WL 5196781 (Miss. Ct. App. Oct. 11,

2011). We granted Taylor's petition for writ of certiorari. We hold that the trial court did not abuse its discretion by sentencing Taylor under Section 99-19-83. Accordingly, we affirm Taylor's sentence of life imprisonment without the possibility of parole.

**PROCEDURAL HISTORY**

¶2.     In November 2007, Taylor was indicted for possession of a controlled substance in a prison facility and as a habitual offender under Mississippi Code Section 99-19-83 in cause number 2007-0328. Taylor also was charged in separate, consecutively numbered indictments for possession of a firearm by a felon and assault on a law-enforcement officer as a habitual offender (cause number 2007-0326) and possession of a firearm by a felon, felony evasion, and simple assault on a law-enforcement officer as a habitual offender (cause number 2007-0327). Prior to trial, Taylor filed a motion to dismiss all charges (cause numbers 2007-0326, 2007-0327, and 2007-0328) for failure to provide a fast and speedy trial, which the trial judge denied. A jury trial was held in cause number 2007-0328 on the charge of possession of a controlled substance in a prison facility. Taylor was convicted of that offense.

¶3.     After the jury's verdict was returned, the court held a hearing to determine whether Taylor should be sentenced as a recidivist under Mississippi Code Section 99-19-83. At the hearing, the State introduced certified copies of two separate, prior felony indictments. The State also introduced two separate sentencing orders, which revealed that Taylor had pleaded guilty to separate felonies, the sale of marijuana and sexual intercourse with a child under age. The sentencing orders revealed that Taylor was sentenced to three years' imprisonment

2

for the sale conviction and six years for the sex-crime conviction. The pen pack confirmed that Taylor had served the required terms. Taylor was given a reasonable opportunity to challenge the prosecution's proof. Taylor offered no evidence to rebut or contest the State's proof. The trial judge adjudicated in the sentencing order that "one (1) of [Taylor's prior] felonies [was] a crime of violence." Taylor was sentenced as a habitual offender to life imprisonment without parole.

¶4.    Thereafter, Taylor filed in the trial court two post-trial motions: a "Motion for a New Trial or, in the Alternative, Judgment of Acquittal Notwithstanding the Verdict," and a separate "Motion to Reduce Mandated Sentence," arguing that his sentence "is grossly disproportionate to the maximum sentence of seven years he would have received had he not been [charged] as an habitual offender[,]" and that "a sentence of life without parole would be cruel and unusual punishment under these circumstances." Both motions were denied. Taylor appealed, and his case was assigned to the Court of Appeals.

¶5.    In his brief, Taylor asserted that "[t]he trial court erred in sentencing Taylor as a habitual offender under Miss. Code Ann. § 99-19-83. During the sentencing hearing, the prosecution presented evidence that Taylor was previously convicted of sex with an underage child . . . ." Taylor argued that "[t]here is absolutely no implication that a violent act took place during the commission of this felony." In its brief, the State argued that "[b]ased on the standard in *Bandy*,[1] statutory rape, or sexual intercourse with a child underage, is *per se*

---

[1]*Bandy v. State*, 495 So. 2d 486 (Miss. 1986).

3

violent." In his reply brief, Taylor described the State's position as being that "Taylor was correctly sentenced . . . because Taylor's previous conviction of sex with an underage child was *per se* a crime of violence."

¶6.    A good measure of confusion was injected into the appellate proceedings by the failure to furnish the Court of Appeals with a complete record of the evidence admitted at the sentencing hearing in the trial court. The "certified" copy of the pen pack presented to the Court of Appeals failed to include either the indictment or the sentencing order regarding Taylor's felony sex crime. Even after the Court of Appeals ordered the parties to submit supplemental briefs addressing whether Taylor's conviction for "sexual intercourse with a child under age" was a crime of violence, neither the appellant nor the State discovered the oversight or argued that the documents were not part of the record. The Court of Appeals concluded that Taylor's prior sex-crime conviction was a crime of violence and affirmed Taylor's sentence.

¶7.    Taylor filed a petition for writ of certiorari, claiming that the Court of Appeals' holding conflicts with prior decisions of this Court. The petition reasserted that the pen pack did not include the sentencing order for Taylor's conviction of "*sexual intercourse with a child under age*," while at the same time asking this Court to adopt the Court of Appeals' dissent. (Emphasis added.) After granting Taylor's petition, we held oral argument, during which the attorneys for both parties asserted that the record did not include the sentencing order for the felony conviction for the sex crime against an underage child. Recognizing that all evidence considered by the trial court was significant for this Court's determination of

4

whether Taylor was lawfully sentenced as a habitual criminal, this court directed the Clerk of Court to obtain a duplicate certified copy of the pen pack. The copy furnished in response contained the indictment charging Taylor with a prior sex offense and the sentencing order. The indictment alleged that Taylor, "being a person over eighteen (18) years of age . . . did unlawfully, wilfully, and feloniously have sexual intercourse with [Jane Doe], a child under the age of fourteen (14) years." The sentencing order reads that Taylor entered a plea of guilty to "sexual intercourse with a child underage." Thus, we know with certainty that the previous conviction at issue was for "sexual intercourse with a child under age."

## LAW AND ANALYSIS

### I. Standard of Review

¶8.     "It is well-settled in this state that sentencing is within the complete discretion of the trial court. 'Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.'" *Long v. State*, 52 So. 3d 1188, 1195 (Miss. 2011) (citations omitted). "The trial court's rulings are presumed correct, and this presumption will prevail unless the record shows otherwise." *Hardy v. Brock*, 826 So. 2d 71, 76 (Miss. 2002) (citations omitted). Under an abuse-of-discretion standard of review, "[t]he trial court's decision will be affirmed unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" *Plaxico v. Michael*, 735 So. 2d 1036, 1039 (Miss. 1999) (citation omitted).

¶9.     This Court has provided that:

5

[w]e must decide cases on the facts shown by the record, not by assertions of fact made in briefs or suggestions of error, however sincere counsel may be in those assertions. Facts asserted to exist ought to, and must, be definitely proved and placed before us by a record thereof certified as required by law; otherwise we cannot, in law, know them.

*Alexander v. Hancock*, 174 Miss. 482, 164 So. 772 (1935), *on suggestion of error*, 174 Miss. 498, 165 So. 126 (1936). "Stated differently, our task on appeal is to review the actions and decisions of the trial court judge within the context of the situation as it existed at that time."

*Phillips v. State*, 421 So. 2d 476, 478 (Miss. 1982) (addressing *Alexander*, 165 So. at 126).

**II. The trial court did not abuse its discretion by sentencing Taylor as a violent habitual offender under Mississippi Code Section 99-19-83.**

¶10.    "At the bifurcated hearing required under the recidivist statutes, the State must prove, beyond a reasonable doubt, that the defendant meets the requirements for sentencing as a habitual offender. The defendant has the right to be heard at this hearing."*Bandy*, 495 So. 2d at 491 (citing *Seely v. State*, 451 So. 2d 213, 215 (Miss. 1984)). For a defendant to be sentenced under Section 99-19-83, the State must prove that he was:

> convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and . . . sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and . . . any one (1) of such felonies shall have been a crime of violence . . . .

Miss. Code Ann. § 99-19-83 (Rev. 2007). This Court has explained that:

> for determining the defendant's status as an habitual offender, the prosecution must show and the trial court must determine that the records of the prior convictions are accurate, that they fulfill the requirements . . . , and that the defendant sought to be so sentenced is indeed the person who was previously convicted.

6

Once the above mentioned factors have been ascertained, the trial court is not required to go beyond the fact of the prior convictions sought to be used in establishing the defendant's status as an habitual offender. . . . [T]he trial court must not be placed in position of "retrying" the prior case. Certainly any such frontal assault upon the constitutionality of a prior conviction should be conducted in the form of an entirely separate procedure solely concerned with attacking that conviction.

**Bandy**, 495 So. 2d at 491 (citing **Phillips v. State**, 421 So. 2d 476, 481 (Miss. 1982)).

¶11.    We have further provided that "[a]ll that is required is that the accused be properly indicted as an habitual offender . . . ; that the prosecution prove the prior offenses by competent evidence . . . ; and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." **Keyes v. State**, 549 So. 2d 949, 951 (Miss. 1989) (citations omitted). Each of these requirements was satisfied in the case *sub judice*. All agree that Taylor was indicted as a habitual offender. The sentencing orders presented by the State were competent evidence of Taylor's separate felony convictions for sale of marijuana and sexual intercourse with a child under age. **McIlwain v. State**, 700 So. 2d 586, 589 (Miss. 1997) ("We have regularly upheld sentences under the habitual criminal statutes where the proof of prior convictions was made by certified copies of the judgments of conviction.[2] This accords with the basic principle that the best evidence of a conviction is the judgment of conviction." (citations omitted)). Moreover, "[w]e have repeatedly held that orders of a court having competent jurisdiction are presumed valid." **Farris v. State**, 764 So. 2d 411, 422 (Miss. 2000) (citations omitted). "Certified copies of the indictments and sentencing orders

---

[2] *See* Miss. R. Evid. 803(22) (judgments of conviction are not excluded by the hearsay rule, and are admissible to prove any essential fact).

7

in these prior convictions were introduced into evidence at the sentencing hearing. [Neither the majority nor Taylor] dispute[s] their accuracy. . . . [T]hese records constitute sufficient evidence that he was a habitual offender within this statute." ***Moore v. State***, 631 So. 2d 805, 805-06 (Miss. 1994). Finally, Taylor had a reasonable opportunity to challenge the sufficiency of the evidence presented by the State at the sentencing hearing, but he declined to do so. Thus, the State presented uncontradicted, competent evidence for Taylor to be sentenced under Section 99-19-83, and the trial court did not abuse its discretion by doing so.

¶12.   The dissent opines that "the evidence offered to identify the crime for which Taylor was convicted was vague and inconsistent." (Dissent at ¶ 32). There is no vagueness or inconsistency in the sentencing order – Taylor was convicted of "sexual intercourse with a child under age."

¶13.   The trial court did not err by concluding that Taylor's sex-crime conviction was a crime of violence. In ***McQueen v. State***, 473 So. 2d 971 (Miss. 1985), this Court concluded that the term "crime of violence" is not unconstitutionally vague, citing authorities from numerous jurisdictions:

> "[**V**]**iolence** is a general term and includes all sorts of force."
>
> . . .
>
> "**Violence**" is force, physical force; *force unlawfully exercised*. Bouvier in his Law Dictionary, 2 Bouvier Law Dictionary, Rawle's 3rd Rev., p. 3402, defines "**violence**" as: "The abuse of force. *That force which is employed against common right, against the laws, and against public liberty*."

8

. . .

"**Violence**" is a relative term. *No particular degree of force is required to constitute violence*. **Violence** is broadly defined in Webster's New International Dictionary, 2nd ed., as "the exertion of any physical force considered with reference to its effect on another than the agent." It is not necessary that the impact be of sufficient force to inflict damage.

. . .

The terms "**violence**" and "force" are synonymous when used in relation to assault, and *include any application of force even though it entails no pain or bodily harm and leaves no mark*.

*McQueen*, 473 So. 2d at 972-73 (emphasis added) (citations omitted). Sexual intercourse between an underage child and an adult clearly is a crime of violence, for sexual intercourse cannot occur without the exertion of some degree of physical force, even if it entails no pain or bodily harm and leaves no mark. Under Mississippi law, such force is "unlawfully exercised" and is "against the law."[3]

¶14.   The same is true for any other sex-crime victim who lacks the capacity to consent. It matters not whether a victim is a ninety-year-old Alzheimer's patient or a one-day-old infant, whether he or she is a mentally handicapped person or a child. No overt act of resistance to

---

[3]Numerous statutes prohibit sexual contact between an adult and a minor. *See* Miss. Code Ann. § 97-3-65 (Rev. 2006) (statutory rape); Miss. Code Ann. § 97-3-95 (Rev. 2006) (sexual battery); Miss. Code Ann. § 97-5-23 (Rev. 2006) (fondling of a child); Miss. Code Ann. § 97-5-24 (Rev. 2006) (sexual involvement of a school employee over the age of eighteen years with a student under the age of eighteen years); Miss. Code Ann. § 97-5-41 (Rev. 2006) (carnal knowledge of certain children). This Court also clearly has provided that a child cannot consent to engage in sexual activity with an adult. *Phillipson v. State*, 943 So. 2d 670, 672 (Miss. 2006); *Collins v. State*, 691 So. 2d 918, 924 (Miss. 1997); *McBride v. State*, 492 So. 2d 581, 584 (Miss. 1986).

force or violence, no matter how slight, is required for sex crimes against such defenseless victims to be crimes of violence.

¶15.    Sexual intercourse with a child under age is forceful, because, by operation of law, the child is unable to consent. *See **Phillipson***, 943 So. 2d at 672 ("The age of a minor is [a] complete bar to the legal exercise of consent to sexual intercourse."); ***Collins***, 691 So. 2d at 924 ("'[t]he child was under the age of consent, and it was *not material whether the rape was accomplished by force or violence* and against the will of the child.' Consent is no defense to the charge." (quoting ***McBride***, 492 So. 2d at 584) (emphasis added)); ***Brooks v. State***, 242 So. 2d 865, 867 (Miss. 1971) ("It is *immaterial whether the rape was accomplished by force or **violence** or against the will of the child, because she was under the age of consent.*" (emphasis added)); ***Wilson v. State***, 221 So. 2d 100, 103 (Miss. 1969) (where the victim in a rape case was incapable of consent, "it was not necessary to prove 'actual force' beyond the mere force of penetration so that actual resistance was not necessary to constitute the offense"). Federal courts have held the same. ***United States v. Herrera***, 647 F. 3d 172, 180 (5th Cir. 2011) ("because a minor lacks legal capacity to consent to sexual relations, any such relations are 'forcible'") (citing ***United States v. Remoi***, 404 F. 3d 789, 795 (3d Cir. 2005)).

¶16.    Further, this Court consistently has held that sex crimes against underage children are different. In ***Long v. State***, 52 So. 3d 1188, the defendant previously had been convicted of two counts of sexual assault upon a child and one count of aggravated incest with his own daughter when she was seventeen years old. We found that at least one of the prior

10

convictions was for a crime of violence, citing *U.S. v. Vigil*, 334 F. 3d 1215 (10th Cir. 2003), as follows:

> "psychological brutilization is inherent in an offense like [aggravated incest] and incest and rape are in the same category as both being crimes of violence inherently *whether or not raw force is used*." The *Vigil* court found that even consent by the child-victim would not eliminate the risk of physical harm and that the age of the victim was immaterial.

*Long*, 52 So. 3d at 1196 (citing *Vigil*, 334 F. 3d at 1220, 1223-24) (emphasis added).

¶17.   The language in *Long* is consistent with our holding in *Bandy v. State*, 495 So. 2d 486 (Miss. 1986). Bandy was charged with gratifying his lust by touching a child under the age of fourteen years. *Bandy*, 495 So. 2d at 488. He was indicted as a habitual offender under Section 99-19-83, based on prior convictions for indecency with a child under Texas law and assault with intent to commit a felony, to wit: sodomy under Iowa law. *Id.* Bandy made the same argument as Taylor does today, by challenging his sentence under Section 99-19-83 that "[t]he proof of prior convictions for enhancement did not sustain the charge." *Id.* at 487. At the habitual-offender hearing in trial court, Bandy testified that neither of the previous crimes was *violent*. *Id.* at 490. A review of the record[4] reveals that Bandy testified that his previous sodomy conviction was not a violent crime, because "the information . . . where it mentions assault, was served to me . . . as being simple assault nonviolent by touching, and that is what assault they mean. There was no violence." He further testified that "[t]he

---

[4]Appellate records for criminal cases in which the mandate was handed down more than ten years ago are available to the public at the Mississippi Department of Archives and History.

charges I had in . . . Iowa was fondling. Which was termed to sodomy because of oral copulation of the penis and it was not assault." The trial court found that both prior convictions "were *per se* violent, and that 'beyond a reasonable doubt,' Bandy could be sentenced under § 99-19-83." *Id.* at 490. In **Bandy**, this Court approvingly cited a California Court of Appeals holding that "the word '*violence*' . . . applies to *any criminally lewd act upon* the body of the witness *child*." **Bandy**, 495 So. 2d at 492 (quoting **People v. Brown**, 262 Cal. App. 2d 378 (1968)) (emphasis added). **Bandy** explicitly declared that "[i]n the absence of a legislative standard, we adopt the rationale that a separate standard of determining *violence* applies when the victim is a child." **Bandy**, 495 So. 2d at 492 (emphasis added).

¶18.    In **Lee v. State**, 322 So. 2d 751 (Miss. 1975), we held that "intercourse with a female unable to consent because of tender years . . . *establishes the common law crime of rape*, the *essential element* being the *inability to consent rather than the requirement of force*." **Lee**, 322 So. 2d at 752 (emphasis added).[5] In 1997, we applied the same standard when addressing a charge of capital rape. **Collins**, 691 So. 2d at 924. **Collins** held that "capital rape does not require that the act be '*forcefully done* against the will of the child.' Rather, . . . '[t]he child was under the age of consent, and it was not material whether the rape was accomplished by

_____

[5] *See also* **People v. Parker**, 74 Cal. App. 540, 545 (Cal. Ct. App. 1925) ("The reason is that in such cases the female cannot consent to the *assault*. *The law resists for her*.") (emphasis added).

12

*force* or *violence* and against the will of the child.' Consent is no defense to the charge." *Id.* (quoting *McBride*, 492 So. 2d at 584) (emphasis added).

¶19.    *Long* addresses the psychological harm inherent in sex crimes against children and the immateriality of the child's consent. *Long*, 52 So. 3d at 1196. All three of Long's previous convictions involved felony sex crimes by an adult defendant upon a minor. Sexual intercourse with an underage child is the conviction we consider today. If incest – sexual penetration with a person's own seventeen-year-old daughter – was the violent crime in *Long*, then sexual intercourse with a child who is not the daughter of the defendant also is violent, for it is the act of sexually penetrating a child that makes either a crime.[6] The other crimes referenced in *Long* were sexual assaults. If sexual assault was the violent crime in *Long*, then it follows that sexual intercourse with an underage child (which meets all the elements of sexual battery[7]) also is a violent crime.

¶20.    Taylor's argument that the decision of the Court of Appeals conflicts with this Court's decision in *Hughes v. State*, 892 So. 2d 203 (Miss. 2004), is misplaced. Taylor argues that

_____

[6]It would be absurd to find incest – but not sexual intercourse with a child who is not the daughter of the defendant – violent, the only distinction being the existence of a familial relationship. It would be equally absurd to find sodomy, but not sexual intercourse with an underage child, to be a crime of violence.

[7]The dissent concedes that six years' imprisonment is a permissible sentence for a conviction of sexual battery for "sexual penetration with (a) another person without his or her consent[,]" but suggests that the elements are not met. (Dissent at ¶ 33). "A person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a]nother person without his or her consent." Miss. Code Ann. § 97-3-95(1)(a) (Rev. 2006). "Sexual intercourse" meets the element of sexual penetration, and the law supplies the absence of consent when the victim is an underage child.

13

the Court of Appeals' decision conflicts with a remark in *Hughes* that "there may be instances of consensual, nonviolent sex which nonetheless violate the statutory rape laws . . . ." *Hughes*, 892 So. 2d at 211. As the Court of Appeals astutely recognized, this remark from *Hughes* is dicta and cannot control our decision today. *Taylor v. State*, __ So. 3d __, 2011 WL 5196781, at *1 (Miss. Ct. App. Oct. 11, 2011). *Hughes* was before this Court on appeal of a conviction for kidnapping, rape, and murder of a sixteen-year-old. *Hughes*, 892 So. 2d at 208. The quoted statement appears in the *Hughes* Court's analysis of the admission at trial of the defendant's prior conviction for raping a seven-year-old girl under Arkansas law. *Id.* at 211. Neither the conviction on appeal nor Hughes's prior conviction was under Mississippi's statutory-rape law. In other words, this Court did not have under consideration a case of statutory rape. It follows that the statement that some consensual, nonviolent sex acts could violate Mississippi's statutory-rape statute was not essential to the determination of any issue before the *Hughes* Court. The statement does "not embody the resolution or determination of the court," and "is not decisive of, nor precedent for, the case at bar."[8] *Deer Island Fish & Oyster Co. v. First Nat'l Bank of Biloxi*, 166 Miss. 162, 146 So. 116, 119 (1933); *see also Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266, n.3 (Miss. 2008) ("[T]his Court has held on more than one occasion that a statement which qualifies as dictum does not have a binding effect.") (citing *Collins v. McMurry*, 539 So. 2d 127, 130-31 (Miss.

---

[8]*Cf. Bandy*, 495 So. 2d 486 (this Court's finding that sex crimes against children are crimes of violence was essential to its adjudication of the defendant's assignment of error that the State had failed to prove that he previously had been convicted of a crime of violence).

1989)); *City of Jackson v. Wallace*, 189 Miss. 252, 196 So. 223, 225 (1940) ("Language beyond the litigation in which it is used is limited to the facts involved in the litigation, and all beyond that, necessary or proper for the construction of the particular subject matter before the Court, is mere dictum – not decision. . . . [C]onsequently[,] the expressions beyond the necessities of the case are mere dicta."); *Aetna Ins. Co. v. Commander*, 169 Miss. 874, 153 So. 877, 879-80 (1934) (declaring that an earlier decision was "not a precedent here for the . . . reason that the decision therein on the question here under consideration was not necessary for, and did not affect, the decision of the case"). *Hughes* "has been carefully considered, and we are of opinion that the language relied on . . . formed no part of the real decision of the court." *State v. Tingle*, 103 Miss. 672, 60 So. 728, 729 (1913). Accordingly, *Hughes* does not control our decision today.

¶21.   Neither does the result of *Brown v. State*, 102 So. 3d 1087 (Miss. 2012) (Dissent at ¶ 28), control our decision today. However, we can heed the language from *Brown* that when "some other provision of law . . . clearly and unambiguously requires us to [label a crime 'violent,']" we should do it. *Brown*, 102 So. 3d at 1089. In *Brown*, this Court considered whether the offense of burglary of a dwelling was a crime of violence.

¶22.   Prior to *Brown*, no body of law had developed regarding whether burglary is a crime of violence. In contrast, preceding the case *sub judice*, this Court explicitly has established that a separate standard of violence applies to sex crimes against children, as discussed *supra*. Thus, a body of law developed regarding sex crimes against children, compared to the void that existed regarding a crime against property, the issue in *Brown*. We stand on our

15

predecessors' holdings that sex crimes against underage children are violent to provide us with guidance. Our caselaw clearly and unambiguously provides that sexual intercourse with an underage child is a crime of violence.

¶23. Moreover, our Legislature consistently has provided that sex crimes are crimes of violence in other Mississippi statutes addressing the penalty or punishment to be imposed for crimes of violence. *See* Miss. Code Ann. § 47-7-3(1)(h) (Rev. 2011) (addressing parole eligibility and defining "nonviolent crime" as "a felony other than . . . sex crimes . . ."); Miss. Code Ann. § 97-1-5(2) (Supp. 2012) ("[f]or the purposes of [sentencing upon conviction of accessory after the fact], 'violent crime' means . . . sex crimes . . ."). Thus, the Legislature unambiguously has declared that sex crimes are crimes of violence, consistent with our holdings.

¶24. Our holdings that sex crimes against underage children are crimes of violence also comport with the holdings of courts in other states. In *State ex rel. Spaulding v. Watt*, 423 S.E.2d 217 (W. Va. 1992), the West Virginia Supreme Court noted that "the word 'violence' in our . . . statute is not limited by the adjective 'physical.' There can be no dispute that even in the absence of any significant physical trauma, sexual assaults on young children result in severe emotional and psychological harm." *Watt*, 423 S.E.2d at 219. The Court held that:

> [W]e decline to resolve the question presented here solely on the ground that physical violence is not an element of the crimes of which [the defendant] was convicted. The fact that the State elected to prosecute . . . sexual assault . . . based on the age of the children rather than upon a theory of forcible compulsion, does not mean that the children were not the victims of violence.

16

*Id.* at 220. Accordingly, the *Watt* Court concluded that the sexual assault of children involved "violence to a person" for purposes of West Virginia's post-conviction bail statute. *Id.*

¶25.    In *Jarrett v. State*, 333 N.E.2d 794 (Ind. Ct. App. 1975), the Indiana Court of Appeals considered whether the intent to have intercourse with a minor satisfied the assault requirement of intent to commit a violent injury. The Court held that, "where the female is incapable of consent, the attempt to have intercourse satisfies the requirement . . . that the attempt be one to commit 'a violent injury.'" *Jarrett*, 333 N.E.2d at 796. In *State v. Sprouse*, 719 S.E.2d 234 (N.C. Ct. App. 2011), the North Carolina Court of Appeals held that "an act of sexual intercourse with a person deemed incapable of consenting as a matter of law is a violent act." *Sprouse*, 719 S.E.2d at 242 (quoting *State v. Clark*, 714 S.E.2d 754 (N.C. Ct. App. 2011) (holding that first-degree rape, which, under North Carolina law, involves a victim under the age of thirteen years, was a violent act)).

## CONCLUSION

¶26.    Because Taylor's prior conviction was for sexual intercourse with an underage child, we conclude that, under the facts presented in this case, it was a crime of violence. Thus, the trial court did not abuse its discretion by sentencing Taylor under Section 99-19-83. Accordingly, we affirm the result reached by the Court of Appeals and Taylor's sentence of life imprisonment without the possibility of parole.

17

¶27.    **THE SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AFFIRMED.**

**WALLER, C.J., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., KITCHENS AND KING, JJ.**

**CHANDLER, JUSTICE, DISSENTING:**

¶28.    I respectfully dissent. In this Court's most recent pronouncement on crimes that are *per se* violent under Mississippi Code Section 99-19-83, we held that "we will not place a 'violent crime' label on a crime where there was no proof of a violent act, unless the statute itself—or some other provision of law (such as the definitions within the chapter that include the statute)—clearly and unambiguously requires us to do so." ***Brown v. State***, 102 So. 3d 1087, 1089 (Miss. 2012). Taylor's crime of "sexual intercourse with a child underage" is not defined by any statute identified by the State or by this Court. The majority errs by deeming Taylor's sex crime to be one of violence in the absence of an applicable statute. I would hold that, because the record established only that Taylor previously had served six years for some unknown sex crime, the State failed to prove beyond a reasonable doubt that Taylor had a prior conviction of a crime of violence. And because the State bore the burden of proof beyond a reasonable doubt, Taylor had no burden to refute the State's evidence. Due to this failure of proof, I would reverse and remand for resentencing under Mississippi Code Section 99-19-81.

18

¶29. I begin by clarifying that the question of whether a prior felony is a *per se* "crime of violence" under Section 99-19-83 is a question of law subject to de novo review, not a matter within the trial court's discretion. *Brown*, 102 So. 3d at 1089. It is well settled that the State must prove habitual-offender status beyond a reasonable doubt before the trial court can impose an enhanced sentence under Mississippi Code Sections 99-19-81 and 99-19-83. *See e.g.*, *Gilbert v. State*, 48 So. 3d 516, 524-25 (Miss. 2010) (citing *Dalgo v. State*, 435 So. 2d 628, 630-31 (Miss. 1983)); *Seely v. State*, 451 So. 2d 213, 215 (Miss. 1984) ("The State has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge."). In most cases, the State can meet this burden by providing certified copies of indictments and sentencing orders. *Duplantis v. State*, 708 So. 2d 1327, 1347 (Miss. 1998) (*Moore v. State*, 631 So. 2d 805, 806 (Miss. 1994)). Of course, this assumes that the indictments and sentencing orders clearly and correctly reflect the nature of the prior offenses. *See Brown v. State*, 222 Miss. 863, 77 So. 2d 694 (1955) (reversing conviction of unlawful possession of intoxicating liquors, second offense, based on inconsistencies in the judgment of conviction for first offense). Here, the trial court found that Taylor had been previously convicted of a violent crime for the purposes of habitual-offender sentencing. The Court of Appeals stated that the trial court had determined that Taylor's prior crime was "statutory rape," and found that statutory rape is a *per se* violent crime. However, the record reveals that the State failed to prove that Taylor's crime was statutory rape or any other specific crime defined by statute.

¶30. The indictment for the prior sex offense alleged that Taylor, "being a person over eighteen (18) years of age . . . did unlawfully, wilfully, and feloniously have sexual intercourse with [Jane Doe], a child under the age of fourteen (14) years." Thus, the charge alleged statutory rape, a violation of Mississippi Code Section 97-3-65(1)(b), and, because Taylor was nineteen at the time, the potential penalty ranged from twenty years to life imprisonment. Miss. Code Ann. § 97-3-65(3)(c) (Rev. 2006). However, the court order reflects that Taylor was sentenced to six years' imprisonment, referencing a guilty plea to "sexual intercourse with a child underage." No subsection of the statutory-rape law authorizes a six-year sentence when the offender is eighteen years of age or older.

¶31. The records custodian for the Mississippi Department of Corrections (MDOC) and the Leflore County Sheriff testified that the prior conviction was for "sexual intercourse of a child underage." The sheriff once described the offense as "sexual assault" but stated that he did not know any of the underlying facts. Throughout the hearing, the prosecutor was the only person to use the term "statutory rape," at one point describing the conviction as "*basically* statutory rape." Finally, when imposing the sentence, the trial judge referred to the prior conviction as a "sex crime," and the sentencing order simply stated that Taylor was a habitual criminal as defined by Mississippi Code Section 99-19-83, without identifying his prior convictions.

¶32. As noted above, the documents in the pen pack establish that Taylor had pleaded guilty to a crime designated "sexual intercourse with a child under age" or "sex offense," and none of the documents cited a particular statute. The indictment related to the present

20

conviction, possession of marihuana in a correctional facility, charged Taylor as an habitual offender, and alleged that he had been "previously convicted of the felony crime of statutory rape, a crime of violence." Although the indictment sufficiently alleged "the nature or description of the offense,"[9] the evidence offered to identify the crime for which Taylor was convicted was vague and inconsistent. All of the relevant evidence described a conviction for "sex with an underage child" or a "sex offense," and Taylor's sentence of six years' imprisonment does not fall within any of the permissible ranges for statutory rape. Miss. Code Ann. § 97-3-65.

¶33.   It is true that six years' imprisonment is a permissible sentence for sexual battery. Miss. Code Ann. § 97-3-101(1) (Rev. 2006) (providing sentence of not more than thirty years' imprisonment for conviction of sexual battery under Mississippi Code Section 97-3-95(1)(a),(b), or (2)). But this punishment is limited to "sexual penetration with (a) another person without his or her consent; (b) a mentally defective, mentally incapacitated or physically helpless person," or "a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child." Miss. Code Ann. § 97-3-95(1)(a),(b), and (2) (Rev. 2006). "Sexual intercourse with a child under age," does not describe precisely the elements of any of these crimes. Sexual battery is not a lesser-included offense of statutory

---

[9]*See* URCCC 11.03 ("In cases involving enhanced punishment for subsequent offenses under state statutes . . . [t]he indictment must allege with particularity the nature or description of the offense constituting the previous convictions . . . .").

21

rape, for which Taylor was indicted. For these reasons, Taylor's crime cannot be characterized as sexual battery.

¶34. Taylor's status as a habitual offender under Section 99-19-83 was contingent upon proof beyond a reasonable doubt of a prior conviction of a crime of violence. The most the State proved was that Taylor had pleaded guilty to violating an unspecified provision of Mississippi's sex-offense statutes. Because the State bore the burden of proof, Taylor had no burden to refute the State's evidence. Lacking sufficient clarity, the proof did not establish that Taylor's prior convictions warranted a sentence of life without parole pursuant to Mississippi Code Section 99-19-83.

¶35. This Court has held that "we will not place a 'violent crime' label on a crime where there was no proof of a violent act, unless the statute itself—or some other provision of law (such as the definitions within the chapter that include the statute)—clearly and unambiguously requires us to do so." **Brown**, 102 So. 3d at 1089. Because the State did not prove that Taylor was convicted of a specific crime, there is no applicable criminal statute, and this Court is unable to examine the elements of the specific crime to determine whether that crime is *per se* violent. The majority's blanket categorization of *all* sex crimes involving *anyone* underage as *per se* violent crimes doubtless will result in unintended consequences as the rule is applied in particular cases.[10] Because the State did not prove beyond a

---

[10] *See, e.g.*, **Taylor v. State**, 2011 WL 5196781, at *11 (Miss. Ct. App. Oct. 11, 2011) (Roberts, J., dissenting).

reasonable doubt that Taylor had a prior conviction of a violent crime, I would reverse and remand for resentencing under Mississippi Code Section 99-19-81.

**DICKINSON, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.**