## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-01672-SCT

*IN THE INTEREST OF L.B.C., A MINOR*

*v.*

*FORREST COUNTY YOUTH COURT*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2016 |
| TRIAL JUDGE: | HON. MICHAEL W. McPHAIL |
| TRIAL COURT ATTORNEYS: | HERBERT H. KLEIN, III |
| | PAMELA LUCKIE CASTLE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY YOUTH COURT |
| ATTORNEY FOR APPELLANT: | HERBERT H. KLEIN, III |
| ATTORNEY FOR APPELLEE: | PAMELA LUCKIE CASTLE |
| NATURE OF THE CASE: | CIVIL - JUVENILE JUSTICE |
| DISPOSITION: | AFFIRMED - 11/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     L.B.C. appeals the Forrest County Youth Court's requirement that he register as a sex offender. All of the issues in this appeal arise from this requirement. After review, we affirm the youth court's judgment.

### FACTS AND PROCEDURAL HISTORY

¶2.     In December 2015, L.B.C. sexually battered two six-year-old girls. L.B.C. admitted to sexually penetrating the two victims with his fingers. At the time, L.B.C. was fourteen years old.

¶3.     Initially, L.B.C. was charged as an adult in the Forrest County Circuit Court with two counts of sexual battery under Mississippi Code Section 97-3-95(1)(d) (Rev. 2014). On the State's motion, the circuit court transferred the case to the Forrest County Youth Court. In the motion to transfer, the State cited the estimate of a neuropsychologist that L.B.C. functioned closer to the age of a nine-year-old than a fourteen-year-old.

¶4.     Once in youth court, L.B.C. objected by motion to the requirement that he register as a sex offender. At his hearing, L.B.C. admitted to both counts of sexual battery. The youth court accepted L.B.C.'s admissions and adjudicated him delinquent under both counts.

¶5.     After hearing argument on L.B.C.'s earlier objection to registration, the youth court entered a disposition order that required L.B.C. to register as a sex offender under Mississippi Code Section 45-33-25 (Rev. 2015). The youth court also ordered L.B.C. into the custody of the Mississippi Department of Child Protection Services and placed a number of other restrictions on him.

¶6.     Each of the four issues appealed by L.B.C. arise from the requirement that he register as a sex offender. First, L.B.C. argues that his delinquency adjudication of sexual battery did not involve the use of force and is not an offense that requires him to register as a sex offender. Second, he argues that requiring registration without an individual determination that he is a threat to the public violates his constitutional rights. Third, L.B.C. maintains that he should not be required to register as a sex offender since he has a mental age of nine and had been fourteen years old for only three months at the time of the incidents. Fourth, he claims that requiring him to register as a sex offender violates the confidentiality

2

requirements of youth-court proceedings. We address each of the four issues raised by L.B.C. in turn. Finding no error, we affirm the disposition of the youth court.

## STANDARD OF REVIEW

¶7. "The appellate standard of review for youth court proceedings is the same as that which we apply to appeals from chancery court." ***In re J.P.***, 151 So. 3d 204, 208 (Miss. 2014) (citing ***A.B. v. Lauderdale County Dep't of Human Servs.***, 13 So. 3d 1263, 1266–67 (Miss. 2009)). This Court reviews questions of law de novo. ***Id***.

## ANALYSIS

**I.     Whether a delinquency adjudication for sexual battery under Mississippi Code Section 97-3-95(1)(d) involves the use of force, mandating registration as a sex offender**.

¶8. The issue here is whether or not L.B.C.'s adjudication of delinquency for sexual battery requires a demonstration of the use of force in order to require him to register as a sex offender. This issue of law is one of first impression for this Court.

¶9. We have held that force is not an element of the crime of sexual battery in all cases. *See* ***Burgess v. State***, 178 So. 3d 1266, 1274 (Miss. 2015) ("[F]orce is not an element of sexual battery."). Thus, force is not used against sexual-battery victims in every instance. Here, though, force is presumed, given the victims' ages. Therefore, as discussed below, an additional showing of force is not necessary to require L.B.C. to register as a sex offender under the facts of this case.

¶10. Mississippi Code Section 45-33-25 governs mandatory registration for delinquents. Section 45-33-25(1)(a) requires a person to be fourteen years or older at the time of the

3

offense to qualify for mandatory registration. Miss. Code Ann. § 45-33-25(1)(a) (Rev. 2015). Further, Section 45-33-25(1)(b), in part, provides:

> (b) Any person having a permanent or temporary residence or who is employed or attending school in this state who has been adjudicated delinquent for a registrable sex offense listed in this paragraph *that involved use of force against the victim* shall register as a sex offender with the responsible agency and shall personally appear at a Mississippi Department of Public Safety Driver's License Station within three (3) business days of registering with the responsible agency:
>
> . . . . .
>
> (ii) Section 97-3-95 relating to sexual battery[.]

Miss. Code Ann. § 45-33-25(1)(b) (Rev. 2015) (emphasis added). "This Court will not engage in statutory interpretation if a statute is plain and unambiguous." ***Mississippi Methodist Hosp. & Rehab. Ctr., Inc. v. Mississippi Div. of Medicaid***, 21 So. 3d 600, 607 (Miss. 2009). Section 45-33-25's meaning is plain and unambiguous. A person who is at least fourteen years old and who is adjudicated delinquent of a sex offense "that involved the use of force against the victim" must register as a sex offender. Miss. Code Ann. § 45-33-25(1)(b).[1]

---

[1]At L.B.C.'s hearing, there appeared to be some confusion as to whether juvenile delinquents could be required to register under Section 45-33-25(1)(a) alone. The confusion below arose regarding Rule 12.3 of the Mississippi Administrative Code and its application to Section 45-33-25(1)(a). Rule 12.3 requires that "[a]ny person . . . twice adjudicated delinquent" register as a sex offender. This rule, though, no longer has any statutory authority as Section 45-33-25(1) was amended in 2007 to add subsections (1)(a) and (1)(b). 2007 Miss. Laws 392. The 2007 amendment removed the "twice adjudicated delinquent" language from the statute. 2007 Miss. Laws 392. Thus, as the statute reads today, a delinquent is required to register only if he or she satisfies the age requirements of Section 45-33-25(1)(a) and the adjudication requirements of Section 45-33-25(1)(b). Miss. Code Ann. § 45-33-25 (Rev. 2015).

¶11.   Thus, the sexual battery here must have involved the use of force to require L.B.C. to register as a sex offender.  Mississippi Code Section 97-3-95 defines the crime of sexual battery:

> (1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
>
> (a) Another person without his or her consent;
>
> (b) A mentally defective, mentally incapacitated or physically helpless person;
>
> (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
>
> (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

Miss. Code Ann. § 97-3-95(1)(a)–(d) (Rev. 2014).

¶12.   This Court has not addressed whether an adjudication under subsection 97-3-95(1)(d) involves the use of force.[2]  Nevertheless, this Court is not without guidance on this issue from its caselaw.

¶13.   While many of our decisions on the issue of force and violence have addressed

---

[2]While this Court's determination today is whether an adjudication under subsection 97-3-95(1)(d) is per se an offense that involved the use of "force," this Court's caselaw that determines whether an offense is one of "violence" is helpful to this analysis.  This is because this court has held that "[n]o particular degree of force is required to constitute violence. . . . The terms 'violence' and 'force' are synonymous when used in relation to assault, and include any application of force even though it entails no pain or bodily harm and leaves no mark." *McQueen v. State*, 473 So. 2d 971, 973 (Miss. 1985).  Indeed, "force" is defined as "[p]ower, *violence*, or pressure directed against a person or thing." *Force*, Black's Law Dictionary (10th ed. 2014) (emphasis added).

offenses other than sexual battery, the principles undergirding these decisions apply with equal force to the offense of sexual battery against a victim under the age of fourteen. Established Mississippi law provides that "sex crimes against underage children are different." *Taylor v. State*, 122 So. 3d 707, 713 (Miss. 2013). We also have recognized "the psychological harm inherent in sex crimes against children." *Id*. at 714. Further, "[i]n the absence of a legislative standard, we adopt the rationale that a separate standard of determining violence applies when the victim is a child." *Bandy v. State*, 495 So. 2d 486, 492 (Miss. 1986), *superseded on other grounds by* Mississippi Rule of Evidence 601.

¶14. Reinforcing the fact that sex crimes against children are different, we recognized that "[s]exual intercourse with a child under age is forceful, because, by operation of law, the child is unable to consent." *Taylor v. State*, 122 So. 3d 707, 712 (Miss. 2013). The *Phillipson* Court, discussing the statutory-rape statute, explained:

> Under our laws, a minor that fits the criteria of the statute simply does not have the legal power to consent. The age of a minor is [a] complete bar to the legal exercise of consent to sexual intercourse. "At the heart of [the statutory rape statute] is the core concern that children should not be exploited for sexual purposes regardless of their 'consent,'" as "[t]hey simply cannot appreciate the significance or the consequences of their actions." Accordingly, consent is not and cannot be a defense to a charge of statutory rape. Statutory rape is also a "strict liability" crime, and a defendant cannot maintain a "mistake of age" defense.

*Phillipson v. State*, 943 So. 2d 670, 672 (Miss. 2006) (quoting *Collins v. State*, 691 So. 2d 918, 924 (Miss. 1997)) (citations omitted).

¶15. While not all of the offenses within the sexual-battery statute are strict-liability crimes, sexual battery of a victim under the age of fourteen is. Under the statute, the three necessary

6

elements of sexual battery of a child are (1) a person twenty-four months older than the victim, (2) an act of sexual penetration, and (3) a victim under the age of fourteen. *See* Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2014). There is neither an intent element nor an affirmative defense of consent within the statute. *Cf.* Miss. Code Ann. § 97-3-95(1)(a) ("A person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a]nother person without his or her consent."). Therefore, sexual battery under Section 97-3-95(1)(d) is a strict-liability crime. Further, force is presumed as a child cannot consent to sexual battery by operation of law.

¶16. Here, L.B.C. admitted to the elements of sexual battery under Section 97-3-95(1)(d). At the youth-court judge's instruction, the youth-court prosecutor recited the factual basis for Count I against L.B.C.:

> [T]he State would show that between the dates of December 19, 2015, through December 30th [sic] of 2015, L.[B.]C. did commit the crime of sexual battery towards a child, M.F., by engaging in sexual penetration with her, her being the age of six at the time and him 14 at the time, and the act was by his digitally – using his hands to digitally penetrate her vaginal area during that date and time and in Forrest County.

L.B.C. responded, "Yes, sir" when the youth-court judge asked him if he was admitting to those facts. For Count II, the prosecutor, in part, recited the following to the youth court: "L.[B.]C. did commit the act of sexual battery of a child under the age of 14, that being M.F. . . . being digital penetration with his hands, fingers into her vaginal area." L.B.C. admitted to those facts as well.

¶17. The facts to which L.B.C. admitted proved the necessary elements of sexual battery. L.B.C., when he was fourteen, sexually penetrated two, six-year-old children. It is

7

undisputed on appeal that the elements of sexual battery were satisfied. Further, a child cannot consent to sexual intercourse. Today, we apply this principle with equal force to sexual battery against a victim under the age of fourteen.

¶18. Thus, because the adjudication of delinquency for sexual battery against a victim under the age of fourteen involved the use of force, L.B.C. must register as a sex offender. Therefore, we find L.B.C.'s first alleged error to be without merit.

**II.** **Whether the youth court erred by not making an individualized determination that L.B.C. was a threat to the public.**

¶19. Under this alleged error, L.B.C. argues that the youth court violated his constitutional rights to due process by requiring him to register as a sex offender without an individualized determination that he was a threat to the public. Because L.B.C. has raised this issue for the first time on appeal, the issue is procedurally barred from this Court's review.

¶20. It is settled law that this Court "will not consider issues raised for the first time on appeal." *Anderson v. LaVere*, 136 So. 3d 404, 410 (Miss. 2014); *see also Bush v. State*, 895 So. 2d 836, 842 (Miss. 2005). Also, this Court has not hesitated to apply procedural bars to constitutional claims. *Allen v. Nat'l R.R. Passenger Corp.*, 934 So. 2d 1006, 1015 (Miss. 2006) (finding that "failure to preserve . . . [due-process-rights violation] for appeal purposes renders th[e] issue procedurally barred.").

¶21. Here, L.B.C. did not contend that the requirement to register without an individualized determination that he was a threat to the public violated his constitutional rights. In fact, he did not raise any constitutional concerns before the youth court. Instead, L.B.C.'s argument that Section 45-33-25 did not require him to register as a sex offender was two-fold: (1) that

8

Section 45-33-25(1)(a) was ambiguous and (2) that Section 45-33-25(1)(b) required a separate showing of force. L.B.C. also agreed to an informal hearing for the disposition phase of his hearing.

¶22. L.B.C failed to raise any constitutional arguments concerning registration in the youth-court proceedings. Therefore, L.B.C.'s alleged error is procedurally barred from review on appeal.

### III. Whether all qualified juvenile delinquents must register as sex offenders.

¶23. Under this issue, L.B.C. argues that he should not be required to register as a sex offender as he had been fourteen years old for only three months at the time of the offenses and had a "mental age" of nine. After review, we find that this issue is without merit.

¶24. The youth court does not have any discretion as to whether a qualified delinquent is required to register as a sex offender. Section 45-33-25 provides that "[a]ny person . . . who has been adjudicated delinquent for a registrable sex offense . . . shall register as a sex offender with the responsible agency."[3] Miss. Code Ann. § 45-33-25(1)(a)–(b) (Rev. 2015). As long as the delinquent is fourteen years old and committed an offense that involved the use of force, the delinquent is required to register.

¶25. L.B.C.'s citation of *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002), is unavailing. *Atkins* stands for the proposition that the execution of mentally retarded criminals is excessive and unconstitutional. *Id*. It is not controlling authority here.

---

[3] This Court consistently has held that "[w]hen used in a statute, the word 'shall' is mandatory and the word 'may' is discretionary." *D.D.B. v. Jackson Cty. Youth Court*, 816 So. 2d 380, 382 (Miss. 2002).

¶26. Moreover, there is no conclusive proof in the record that L.B.C. was mentally retarded or intellectually disabled. In fact, the record demonstrates that L.B.C. understood the gravity of the proceedings and voluntarily participated in them. He answered the youth-court judge's inquiries and expressed remorse for his actions.

¶27. Further, the purpose of the Mississippi Sex Offenders Registration Law is to assist law enforcement and protect the community and vulnerable populations. *See* Miss. Code Ann. § 45-33-21 (Rev. 2015). The requirement to register as a sex offender does not punish the registrant but protects the public from repeat offenses. This purpose is no less a valid concern with juvenile delinquents. Even L.B.C. admitted that "this could have been anybody that I could have done it to."

¶28. There are no exceptions to registration for qualified juvenile delinquents. Moreover, there is no conclusive proof that L.B.C. is mentally retarded or intellectually disabled. Therefore, this issue is without merit.

**IV. Whether mandatory registration as a sex offender violates the confidentiality requirement of the Youth Court Law**.

¶29. The error L.B.C. alleges under this issue is that mandatory registration as a sex offender violates the confidentiality requirement of the Youth Court Law. Because the Youth Court Law provides exceptions to the confidentiality requirement, this issue is without merit.

¶30. The Youth Court Law provides that "[t]he records of the youth court and the contents thereof shall be kept confidential and shall not be disclosed except as provided in Section 43-21-261." Miss. Code Ann. § 43-21-251(2) (Rev. 2015). Section 43-21-261 states:

10

"[n]ames and addresses of juveniles adjudicated as delinquent for . . . any sex offense as defined in Section 45-33-23 . . . shall not be held confidential and shall be made available to the public." Miss. Code Ann. § 43-21-261(9) (Rev. 2015). Sexual battery against a victim under the age of fourteen is within Section 45-33-23's definition of sex offenses. Miss. Code Ann. § 45-33-23(h)(iv) (Rev. 2012). Therefore, L.B.C.'s required registration does not violate the Youth Court Law's confidentiality requirement. The names and addresses of juveniles adjudicated delinquent for sexual battery are exempted from the Youth Court Law's confidentiality requirement for the purposes of registration as a sex offender; this issue is without merit.

## CONCLUSION

¶31.    The issues raised by L.B.C. stemming from the requirement that he register as a sex offender are without merit for the above-discussed reasons. We therefore affirm the youth court's judgment, including the requirement that L.B.C. register as a sex offender.

¶32.    **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND ISHEE, JJ., CONCUR.**